ROBSON & ALLEN v. JOHN McKOIN et al.

Where a note is given in part payment of an account, and the credit given the maker on account of the note, is an amount less than the amount of the note, the maker and the endorser of the note are only liable for the amount credited on the account.

A debtor has control of his means of payment, and he can impute them to the payment of any debt he chooses, and sureties have no right to control him in the imputation.

APPEAL from the District Court, Parish of Morehouse, *Crawford*, J. *Todd & Brigham*, for appellants. *J. & R. Ray*, for appellees.

The facts are stated in the opinion of the Court.

HYMAN, C. J. John McKoin and James Monette made, on the 4th March, 1857, their note in solido for $906 23, payable to the order of plaintiffs, twelve months after its date, with eight per cent. interest from its maturity.

In April, 1859, plaintiffs sued McKoin & Monette on the note.

Defendants pleaded that part of the note was without consideration and usurious ; that the defendant McKoin (who, it appears, is the principal debtor, Monette being his security) shipped seventeen bales of cotton to plaintiffs, who were commission merchants in New Orleans; that the same had been sold by plaintiffs, and that the proceeds thereof, which were retained by them, should be imputed to the payment of such part of the note as was owing by defendants.

Judgment was rendered against the defendants, condemning them in solido to pay to plaintiffs the amount of the note, with interest, subject to a credit of $204 44, on 26th April, 1858.

It appears from the account of plaintiffs, adduced in evidence, that plaintiffs made advances to McKoin, and that, on the day the note was given, he owed them about $2,100, and that plaintiffs, on receiving the note, credited him on their account against him, $800 only, for the note.

The note was not discounted, but was given in part payment of the account. McKoin was entitled to a credit for the amount of the note, and he is bound in the note for the amount only of credit given him on the

account. The account was further reduced by other payments.

In the early part of the year 1858, McKoin shipped plaintiffs seventeen bales of cotton; plaintiffs sold the same, and on the 26th April, 1858, they transmitted to him an account of what they claimed against him; included therein the amount of the note, with interest, and also imputed therein the proceeds of the sale of the cotton to the payment of the note and other items owing by him to them. The imputations of payment was made pro rata, on the various claims owing by McKoin to plaintiffs, and the sum of $433 70 was thus imputed to the payment of the note.

The defendant McKoin-contends that he did not consent to this imputation of payment, and that he has the right to require that all the proceeds of the sale of the cotton should be imputed to the payment of the amount owing on the note.

This defendant received notice that payment had been imputed by plaintiffs, of the proceeds, a year before the institution of this suit, to which he made no complaint.

This long silence on the part of this defendant implies his assent to the imputation of payment made by plaintiffs, and he cannot now require that the imputation should be changed. See Civil Code, 1811, 2161.

The defendant Monette contends that, as he is security, he has a right to have the imputation of payment changed, and the whole proceeds imputed to the payment of the note, although McKoin may have given his consent to the contrary.

The answer is patent to such a claim on the part of the security.

The proceeds were McKoins, and he had the right to control his own means, and to impute them to any debt he owed plaintiffs.

Defendants urged, by exception, that plaintiffs could not bring suit on the note, separate from the other items in the account, because they had stated in their account, on which the imputation of payment was made, that the note was one of the items of indebtedness of McKoin to them.

The note was not extinguished by such act of plaintiffs, which, plaintiffs, in answer to interrogatories on facts and articles, state was done to show McKoin the exact amount of balance due on the note. Only for the amount of payment imputed to it was it extinguished, and no valid reason has been given why the plaintiffs, by thus doing, lost their right of separate action on the note.

The sum owing on the note, on the 26th day of April, 1858, was $809 06, from which should be deducted the amount imputed as payment.

It is ordered, adjudged and decreed, that the judgment of the District Court be reversed. It is further decreed that plaintiffs recover of the defendants in solido the sum of three hundred and seventy-five dollars and thirty-six cents, with interest thereon, at the rate of eight per centum per annum, from the 26th day of April, 1858, and the costs of suit in the District Court ; the costs of this appeal to be paid by plaintiffs.