*882
 
 OVERTON, .1.
 

 The Hortman-Salmen Co., Inc., is a body corporate, domiciled in the city of New Orleans, and engaged in the sale of building material. The Continental Casualty Company is a corporation, engaged in the surety business, and Ruffian E. Walker, who is not a party to these proceedings, is a building contractor, doing business in New Orleans.
 

 Between the latter part of April, 1928, and the latter part of September of the same year, Walker secured five building contracts, and the Continental Casualty Company, the defendant herein, signed Walker’s bond on each contract. Walker completed the contracts during the year 1928. The owners accepted the work during that year, and caused notice of their acceptances to be duly recorded in the mortgage office.
 

 The Hortman-Salmen Company, Inc., the plaintiff herein, sold and delivered material to Walker for the purpose of completing each contract. When the contracts were completed, plaintiff contended that there was a balance due it on each contract for material furnished and delivered, and instituted, in comparatively quick succession, five suits against defendant alone, or a suit for the balance due upon each of Walker’s five contracts.
 

 These suits present the same issues, and were therefore consolidated in the court below for the purposes of trial. In the aggregate, they involve demands for $14,244.10, with legal interest thereon, in four of them, from January 29, 1929, until paid, and, in the fifth, from April 8, 1929, and 10 per cent, attorney’s fees in each.
 

 The evidence fully establishes that plaintiff sold and delivered to Walker, under his respective contracts, the material which it claims to have delivered, and for the prices stipulated. Hence, we take it, that, though the correctness of the bills for the purchases was a defense in the lower court, it is not presented by defendant here. The defenses presented in this court, tersely stated, are that defendant was induced to sign the bonds for Walker by false representations, made by plaintiff, to the effect that it never had any trouble with Walker, and that Walker was paying his debts right along, when, as a matter of fact, AValker was then owing plaintiff an amount in excess of $10,000, which was long overdue, and which it was having difficulty in collecting, and, secondly, that plaintiff did not impute properly the payments made by Walker for material purchased, under his contracts, when, if it had, there would be nothing, or but little, due plaintiff for such material.
 

 In connection with the last-mentioned defense it may be said that Walker’s indebtedness to plaintiff may be subdivided into two parts, one, which may be referred to as the old indebtedness, which is not covered by the bonds, signed by defendant, and is not involved directly in these suits, and the other as the new indebtedness, which is covered by those bonds, and forms the very basis of the present suits.
 

 Plaintiff, bn receiving remittances from Walker while the work was in progress, imputed them ordinarily to the old indebtedness, thereby wiping it out, and the balance to the new indebtedness. Plaintiff’s contention is that it so imputed the payments, without knowledge of the sources of the origin of the fund from which they were made, with Walker’s consent, whereas, defendant urges that this contention is not correct.
 

 The third defense is that the attorney’s fees sued for by plaintiff are not due.
 

 
 *884
 
 [1,21 The first defense urged was dismissed by the court below on the ground that it was not pleaded. That defense is based upon false representations made, which amount to fraud. The defense seeks to preclude plaintiff from recovering by reason of its own wrongful act, perpetrated by it against defendant, by which defendant was induced to sign the bonds as surety. It is a defense in the nature of an estoppel. Being a defense of such description it should have been specially pleaded. The only averment or plea, touching it, is to be found in article 10 of defendant’s answer, reading as follows:
 

 “That during the construction of the said work by the said Walker, your respondent’s representative inquired orally of plaintiff several times, the last inquiry being as late as September 20, 1928, whether or not the said Walker was paying promptly for the materials furnished by plaintiff for the construction of the said improvements, and for the construction of other improvements under contracts for which your respondent had signed his bonds; that your respondent’s representative was always informed by plaintiff that said Walker was making payments promptly.”
 

 The averment that the inquiries were made while the work was under construction, and were made touching Walker’s promptness in paying for the materials furnished by plaintiff for the construction of the improvements, including other improvements under construction by Walker, for which defendant had signed his bonds, is strongly suggestive that some or all of the bonds were signed by defendant before the representations were made, and that to such extent the representations could not have induced defendant to sign the bonds, for the law requires that the bond be executed and recorded before the commencement of construction. Section 2, Act No. 298 of 1926. Aside from this, there is no averment whatever that the representations were false and induced defendant to. sign the bonds.
 

 In view of these facts the moment that defendant attempted to show fraud or wrongdoing on the part of plaintiff to induce defendant to sign the bond, plaintiff objected to the evidence on the ground that there is no averment in the answer, setting forth that the bonds were signed by defendant by reason of false representations or fraud practiced upon it by plaintiff. The court sustained the objection. The ruling was correct. It would have been otherwise had the small amount of evidence received without objection, under the averment in the answer, quoted above, had the effect of enlarging the pleadings, but it did not enlarge them on the question here involved, for it had no tendency to show that by false representations defendant was induced to sign the bonds. In view of the correctness of this ruling, the court properly rejected defendant’s contention, not pleaded, that plaintiff could not recover, because by false representations it had induced defendant to sign the bonds.
 

 With reference to the defense of er-; roneous imputation of payments, operating, to the prejudice of defendant, the evidence, bearing on this plea, is conflicting. However, the clear preponderance of it shows that the imputations were agreed to by Walker, the principal debtor, both expressly and tacitly. The preponderance of the evidence also shows that plaintiff did not know the origin of the sources of the funds out of which Walker, by his personal check, made the payments, and therefore that plaintiff was not guilty of improper practices in making the imputations. In these circumstances, ’ though the imputations operated to the prej
 
 *886
 
 udiee of defendant, they eañnot be disturbed. Grand Lodge, Benevolent Knights of America v. Murphy Construction Co. et al., 152 La. 123, 92 So. 757 ; Thompson & Co. v. Sporl et al., 160 La. 352, 107 So. 135, 138. In the latter case, referring to the former, this court said:
 

 “As to the manner in which the credits have been imputed by Thompson & Co., the creditor, with the tacit (and even express) consent of Sporl, the debtor, we said in Grand Lodge, etc. v. Murphy Const. Co., 152 La. 123, 92 So. 757, that, ‘In general, and except where' such imputation would amount to a fraud on the part of both debtor and ■creditor,
 
 the debtor
 
 may always impute the payments as he pleases; and cannot be controlled therein by a surety,’ citing many authorities, including Robson & Allen v. McKoin, 18 La. Ann. 544, and R. C. C. art. 2163. And the imputation of payment made by the creditor with the express or tacit
 
 consent
 
 of the debtor is the same as an imputation of payment by the debtor himself. Of. R. C. C. art. 2165. In re Campagne, No., 7443, Court of Appeal, Orleans Parish [See Louisiana and Southern Digest], was decided under R. C. C. art. 2166, which has nothing to do with a case such as this, as we pointed out in Grand Lodge v. Murphy Const. Co., supra.” Our conclusion is, therefore, that this defense is not well founded.
 

 The remaining question to be decided is whether plaintiff is entitled to the attorney’s fees sued for by it. The law provides that the suit may be filed (referring to suits on claims, under building contracts), where attorney’s fees are sued for, only after amicable demand for payment has been made in writing on the principal and surety, and thirty days have elapsed from the receipt of the notice by the principal and surety from’ the claimant without the making of payment. Act No. 225 of 1918.
 

 Plaintiff has alleged in four of its suits that it made the ’thirty-day demand on defendant and on Walker, and in the fifth it has alleged that defendant has waived the thirty-day demand. Defendant, in its answer to each suit, admits that the thirty-day demand was made on it, but denies the remaining allegations, concerning the demands. It therefore denies that the thirty-day demand was made on Walker, or that defendant waived it.
 

 Plaintiff attempted to show by offering a carbon copy of a letter, which purported to be a demand on Walker that it made the required demand's on him. This letter was objected to on the ground that it was not the best evidence, and the objection was sustained. Following this ruling it was admitted that, if Walker were called upon to produce1 the original of the letter, he would answer that he had no recollection- of receiving such a letter, and that he has not the original of the letter in his possession. The objection was then overruled. The copy, however, .apparently was not filed.in evidence, and is not therefore in the record. Hence, we do not know what its contents are. The only evidence before us, regarding the question, is that the original letter was mailed, and was not returned.
 

 Without the contents of the letter before us, we are unable to say whether the proper demand was made on Walker or whether the demand included the indebtedness due on all five jobs. Aside,from this, while there is a presumption that a letter properly addressed, stamped,, and mailed reaches its destination in due time (Pure Oil Operating Co. v. Gulf Refining Co., 143 La. 284, 78 So. 560), yet it does not appear here
 
 *888
 
 that the letter was properly addressed. We do not feel justified in inferring that it was properly addressed, because it was not returned, especially when it does not appear that there was a return address on the envelope. Furthermore, it may have been wrongly addressed, and delivered at that address, and not remailed.
 

 The statute here is of a penal nature, imposing attorney’s fees, where the party cast has not contracted to pay them. It should be strictly interpreted and applied. So applying it, we think that the attorney’s fees should not be allowed, because it does not appear that the proper written demand was made on Walker, nor do the grounds appear for inferring that the demand was received by him, or that defendant waived the demand on him.
 

 There was judgment in the court below for plaintiff as prayed for. The judgment will have to be amended by striking from it the attorney’s fees allowed.
 

 For these reasons the judgment appealed from is amended by striking from it the attorney’s fees allowed, and, as thus amended, it is affirmed, appellee to pay the costs of this appeal.