DIXIE BLDG. MATERIAL CO., INC., v. MERTZ ET. AL.

———

(May 16, 1932. Opinion and Decree.)

———

882

Frymire & Ramos, R. R. Hagen and C. L. Stiffel, of New Orleans, attorneys for plaintiff, appellee.

Gordon Boswell, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. This is a suit by a materialman against the surety on a building contract bond and the contractor in solido to recover the balance of $148.93 alleged to be due for material sold and delivered to the contractor between July 14, 1927, and August 4, 1927.

The bonding company answered, admitting the issuance of the bond in the sum of $2,500, securing the faithful performance of the building contract by the general contractor, but averred that its obligation was fully discharged by paying $1,457.01 to three lien creditors and $1,-042.99 to the owner, or a total of $2,500, the full amount of the bond; that the payment to the owner was made only after the lapse of time prescribed by law for the filing of liens, and that the said sum of $1,042.99 was due the owner for the completion of the undertaking as the contractor had defaulted; that the said sum was paid the owner under the erroneous belief that all the materialmen had been paid, and only upon the owner's insistent

demand for the money; that the owner should pay the claim out of the amount which he received from it; that the owner should be called in warranty, and prayed that plaintiff's suit be dismissed, but, in the event that the court should render judgment against the bonding company, that it should be granted judgment against the owner for a like amount.

The sheriff was unable to locate the defendant contractor for the purpose of serving citation and copy of the petition on him, and no appearance was made in his behalf. He is therefore not before the court.

The owner, called in warranty, filed an exception of no right or cause of action to the call in warranty, and answered denying liability.

There was judgment in favor of the plaintiff as prayed for and sustaining the exception of no cause of action in favor of the owner and dismissing the call in warranty by the bonding company, and it has appealed.

The record shows that Joseph Mertz, a contractor by occupation, contracted in writing with the New Orleans Furniture & Manufacturing Company, as owner, to make certain alterations in its building for the sum of $2,500. The defendant Columbia Casualty Company executed a performance bond thereon in the sum of $2,500. The building contract was duly recorded in the mortgage office, and the contractor proceeded with the work, but failed to complete it, and was put in default by the owner; the notice of default being duly recorded in the mortgage office on October 3, 1927. Thereafter the owner completed the work at a cost in excess of the contract price.

In the meantime, three furnishers of material had duly recorded their liens in

the mortgage office covering claims amounting to $1,457.01, and had properly served notice upon the necessary parties. These lien creditors and the owner demanded payment of their respective claims from the surety on the bond. The surety paid these claims, or a total of $2,500, the amount of the bond; payment being made after the thirty-day period for filing of a lien had passed.

About four months after the contractor had been put in default by the owner, and three months after the aforesaid payments had been made, plaintiff demanded of the surety company the balance of $148.93, due for material sold and delivered to the contractor and used in the construction of the improvement. The bonding company referred the plaintiff's claim to the owner, and demanded that it be paid out of the $1,042.99, but the owner declined to do so or to return the necessary amount to the bonding company in order that it might pay the claim. Eleven months after the recordation of the default, the present suit was filed.

It is well settled that, under the provisions of section 14 of Act No. 298 of 1926, a furnisher of material is not required to file and record a lien in the mortgage office in order to collect the amount of his claim for materials furnished and used in the construction of the improvements, from the surety on the bond which guaranteed the faithful performance of the building contract by the contractor. Dixie Building Material Co. v. Mass. Bonding Co., 167 La. 399, 119 So. 405; Madison Lumber Co. v. Bachemin et al., 166 La. 1066, 118 So. 141; Arcadia Lumber Co. v. Austin et al., 15 La. App. 212, 131 So. 601; Truscon Steel Co. v. B. & Tr. Const. Co., 170 La. 1083, 129 So. 644.

Section 14 of Act No. 298 of 1926 specifically provides that a furnisher of material has a right of action against the surety on a building contractor's bond for recovery of his claim for a period of one year from its maturity. See, also, authorities cited supra.

Section 4 of Act No. 298 of 1926 provides that a furnisher of material has a preference for the payment of his claim against the surety on the building contractor's bond over the owner who has expended money for the completion of the undertaking where the contractor defaulted. See authorities, cited, supra.

Therefore plaintiff certainly has a right to recover the amount of its claim from the defendant.

Counsel for the surety company finally contends that the plaintiff was guilty of laches, and that it would be inequitable to permit plaintiff to hold the bonding company where it acted in good faith and paid the full amount of its bond. The fallacy in this argument is that section 4 of Act No. 298 of 1926 provides the procedure and method by which the surety on a building contract bond can protect itself against paying any more than the amount of the bond by convoking concursus proceedings. Defendant failed to exercise its clear statutory rights, and its equitable plea is therefore without merit.

Counsel for the bonding company conceded in the argument at bar that the judgment sustaining the exception of no cause of action as to the call in warranty is correct, reserving his client's right to recover from the owner in a direct suit any amount which it erroneously paid. Hence we do not express any opinion on this point.

The defenses were urged seriously and earnestly, and we therefore will not allow damages for frivolous appeal, as claimed by the plaintiff.

For the reasons assigned, the judgment appealed from is affirmed.