There are two points at issue in this case. One involves the interpretation of section 14 of Act 298 of 1926 known as the Private Works Act and the other the construction of Act 225 of 1918 which prescribes payment of attorney's fees of 10% by a surety on a building contractor's bond who allows 30 days to elapse after receipt of notice for payment of the amount claimed by any person, firm or corporation without payment being made.
The facts in the case are not disputed. Plaintiff, who is engaged in the lumber business, furnished certain building material and supplies to a contractor named Harry M. Fitzgerald who was engaged in making additions and repairs to a building for the United Mercantile Club, Inc., located on the Scenic Highway leading north out of Baton Rouge. The defendant insurance company had signed the contractor's bond as surety for the faithful performance of his work under the contract. The contractor is not made a party in this proceeding but a separate suit had been filed against him for a larger amount than the one sued on here, that is, $708.26. Whilst that amount was included in the suit against the contractor, it is admitted that the present defendant was not liable for the amount in excess thereof.
It is not disputed that the amount sued on in the present proceeding is the correct amount due by Fitzgerald and that if there is liability on the part of the insurance company, that is the amount due by it also. The present suit was filed on July 7, 1942, and answer by the defendant on October 3, 1942. Thereafter, on November 28, 1942, the defendant convoked a concursus proceeding under the provisions of Act 298 of 1926, in which all possible claimants under the contract, including the present plaintiff, were cited to appear and assert any claims they might have. Its defense to the present suit is centered on its exception of no right or cause of action filed after the concursus had been convoked, under which it is contended that any claim the plaintiff may have against it has to be proceeded with in the concursus proceeding. In its answer the Mercantile Club, Inc., was called in warranty.
In the meantime judgment was obtained by the plaintiff against Fitzgerald in the suit instituted against him. This claim was not resisted by Fitzgerald. The record in that suit was filed in evidence in this suit and now forms part of the transcript that is before the court on this appeal.
After trial of the present suit there was judgment in the lower court overruling the defendant's exception of no cause and no right of action and then judgment on the merits in favor of the plaintiff for the amount of its demand against the defendant but rejecting its claim of 10% as attorney's fees. Legal interest was allowed to run from June 18, 1942, a date between the date of the notice of demand made by registered letter and the date suit was filed. From that judgment the plaintiff has taken this appeal, feeling aggrieved by that part which rejects its demand for attorney's fees. The defendant has answered the appeal, asking that the judgment be reversed and that its exception *Page 231 
of no cause and no right of action be maintained.
The first issue presented, that is, the one raised by the defendant on the exception of no cause and no right of action, is one which was already before this court and thoroughly considered in the case of Levingston Supply Co. v. American Employers Ins. Co., La.App., 198 So. 416. The decision in that case was adverse to the contentions again raised by the defendant herein. Counsel of course realizes that the decision is against him on the principal point raised, but he presents this further issue which he says was not considered in that case: He contends that in the cited case the concursus to which the defendant would have the claimants relegated had been convoked by the owner of the building and not by the surety as in this case, and that material differences might exist depending on which of the two did provoke it. We can think of no reason for making any distinction no matter by whom the concursus is convoked. Section 4 of the Act, Act 298 of 1926, provides that the "the owner or any otherinterested person, may file a petition". It is not mandatory on the part of any one to do so but it is permissive on the part of the owner or any other interested person and once it is convoked it matters not by whom, all claimants have to be cited. (Italics ours). Counsel argues that to permit any claimant to file a direct action against the surety company instead of forcing him to litigate his claim in the concursus might lead to serious hardships on the part of the surety company. Notwithstanding the fact that the surety has bound himself for a certain specific amount, he contends that if there are several suits filed against him it may well be that in the final outcome, by reason of the amount of the bonds he would have to furnish to take suspensive appeals from the several judgments rendered against him, he might be forced to pay on all of said bonds, a sum largely in excess of the amount for which he had become bound. Assuming the possibility of such a situation arising, it would seem that the answer which would suggest itself to the dilemma in which counsel states the surety company might be found, would be this: Let the surety himself institute and convoke the concursus if nobody else does. He is certainly a party interested and under section 4 of the Act has the undoubted right to convoke it and have all claimants cited to appear and assert whatever claims they have, to the end that they may all be tried together. Indeed, that is the very procedure which seems to be suggested by the court in the case of Dixie Bldg. Material Co. v. Mertz, 19 La.App. 881, 141 So. 791, 792. In that case the surety company also contended that it would be inequitable, because of the laches of the plaintiff, to hold it for an amount in excess of the amount of its bond where it had acted in good faith and had paid the full amount of its obligation. "The fallacy in this argument", stated the court, "is that section 4 of Act No. 298 of 1926 provides the procedure and method by which the surety on a building contract bond can protect itself against paying any more than the amount of the bond by convoking concursus proceedings. Defendant failed to exercise its clear statutory rights, and its equitable plea is therefore without merit." Furthermore in the case presently before us it would appear that this was the only suit that had been filed against the surety company. It was filed on July 7, 1942, and put at issue by the defendant by the answer filed. What was there to prevent it from doing, at that time, what it thought proper to do on November 28, 1942, when it did convoke the concursus? By its action in doing so it certainly forestalled the danger which counsel now seems to be so apprehensive about. On that point of the case we are convinced that the decision of the trial judge is correct.
The second point, the one with regard to the attorney's fees claimed under the Act of 1918, presents a somewhat closer question. Under the provisions of that Act attorney's fees are awarded where the full amount claimed is recovered by judgment in a suit filed after 30 days shall have elapsed from the receipt of a notice by the principal and the surety making demand for payment in writing. In this case, plaintiff mailed and registered its letter making demand to the principal, Fitzgerald, and the defendant surety herein, on May 14, 1942. The letter addressed to the defendant made demand for the sum of $1,304.34, which, the plaintiff points out, was an apparent error in calculation as it should have been $1,104.24. Nevertheless the amount claimed in the suit is only $708.26 and it is apparent that the amount *Page 232 
intended in the demand by letter was a sum nearly $400 in excess of the amount demanded in the suit. Obviously if the demand in writing must be made for the exact amount of the one sued for, the notice in this case was improper and the defendant's refusal to pay was therefore justified and it would thus be relieved from the payment of the penalty under the act. Counsel for plaintiff argues, however, that there is a material difference in the statute between the claim as made in the letter and the one that is sued on. Giving it a rather strained interpretation in its use of the terms "claimant" and "suitor," he makes of one, that is, the one presenting the notice of demand, the claimant, and the other, the one who files the suit, the suitor, and he contends that in this case when the suit was filed the suitor demanded the true amount which was due and therefore he is entitled to the attorney's fees provided for. We cannot agree with counsel as we believe that an indispensable condition, precedent to the demand for the penalty recoverable in the suit, is the notice in writing which has to be given by the claimant, and if the amount claimed in writing is not the correct amount, certainly the surety cannot be penalized for not paying it. We believe that the terms "claimant" and "suitor" are used indiscriminately in the act and that they are necessarily one and the same person. He is called the suitor merely because it has become necessary for him to file the suit as notice of his demand as a claimant has been ignored. Counsel has cited numerous decisions relating to the penalty provided for in the act, none of which do we find have any bearing on the question that is at issue here. On the other hand the Supreme Court held in the case of Hortman-Salmen Co. v. Continental Casualty Co., 170 La. 879, 129 So. 515, that the statute is penal in its nature and therefore has to be strictly interpreted and applied. We therefore agree with the decision of the trial court on this point also.
There is another point discussed in brief of counsel for plaintiff with regard to the interest that was allowed in the judgment appealed from but, inasmuch as it was allowed as prayed for and counsel for defendant does not complain about it, we do not think it is necessary for us to discuss it.
Judgment affirmed.