LEMMON, Judge.
This is an appeal by John C. Fuchs, Jr., from a judgment dismissing his petition for a writ of mandamus, praying that the court order the Finance Director of the Parish of Jefferson to accept payment^ as tendered in satisfaction of certain special assessments against immovable property owned by Fuchs.
When Fuchs acquired the property in 1964, it was encumbered by paving and water liens, on which several installments had been paid. Fuchs never made any further installment payments.
In 1966 the Jefferson Parish Council authorized the placing of delinquent assessments with various attorneys on behalf of the Parish of Jefferson. The Council ordinance recited that the Finance Department was not able to properly enforce collection and that the Parish Attorney’s office was already burdened with a heavy work load.
The attorney wrote various demand letters, requesting under threat of legal proceedings that these installments be updated.
*350 Fuchs’ attorney requested a pay-off figure, and a dispute arose as to attorney’s fees and a penalty for prepayment. Fuchs then tendered cashier’s checks in amounts sufficient to cover the undisputed principal and interest, but not the fees and penalty. When these checks were returned as unacceptable, these proceedings were instituted.
The case was submitted for decision upon stipulations of fact and memoranda of law. The trial court dismissed plaintiff’s petition, holding that “since plaintiff is a delinquent lien obligor, he must satisfy the entire amount of the lien balance, principal and interest, plus ten (10%) per cent attorney’s fees thereon.”
The sole issue for our determination is whether a series of demand letters requesting payment on these delinquent assessments is sufficient to require payment of attorney’s fees of 10% on principal and interest due.
Special legislation authorized Jefferson Parish to enact ordinances levying special assessments on immovable property for various public improvements. The applicable statutes in the case are Section 6 of Act 116 of 1950 (paving), which provides in part:
“ * * * The failure to pay any installment or the interest thereon when due, shall ipso facto cause all other installments and the interest thereon to become due and payable and the District shall within thirty (30) days from date of such default, proceed against the property for the collecting of the total amount due thereon, including interest, plus ten (10%) per cent additional on principal and interest unpaid as attorney’s fees. * * * ”
and Section 7 of Act 54 of 1946, which provides in part:
“ * * * The failure to pay any installment or the interest thereon when due shall ipso facto cause all other installments and the interest thereon to become due and payable, and the police jury [Council] shall within thirty (30) days from date of each default proceed against the property for the collection of the total amount due thereon, including interest plus ten (10%) per cent additional on principal and interest unpaid as attorney’s fees. * * * ”
Both statutes require the governing authority to “proceed against the property" in order that attorney’s fees become due and collectible. The construction of this statutory language is an issue of first impression in Louisiana. We find, as a matter of law, that the statute clearly requires something more than letter demands for payment in order for attorney’s fees to be assessed against a delinquent property owner. Statutes which provide for awards of attorney’s fees are to be strictly construed, and such fees will be permitted only in situations where they are clearly authorized. c. f. Hortman-Salmen Co. v. Continental Casualty Co., 170 La. 879, 129 So. 515 (1930); Viator v. Haynesville Mercantile Company, 230 La. 132, 88 So.2d 1 (1956). We are convinced that the Legislature did not intend to condemn a delinquent property owner to pay attorney’s fees merely because demand letters were sent to the owner.
The judgment of the trial court is reversed, and a writ of mandamus is hereby issued to Edward LaBruyere, Finance Director of the Parish of Jefferson, ordering him to accept payment of the delinquent balance due in principal and interest to time of payment, and, after receiving such payment, to authorize the Clerk of Court and Ex-Officio Recorder of Mortgages for the Parish of Jefferson to cancel the inscriptions bearing against the property in question, which inscriptions are recorded in Mortgage Book 358-A, at Folio 91 and Mortgage Book 358-A, at Folio 7. All costs are assessed against plaintiff-appellant.
Reversed and rendered.