CHASEZ, Judge.
Plaintiff, Victor Marks, d/b/a Silverman & Marks, instituted this suit to recover the sum of $1,567.05 allegedly owed by defendant, Deutsch Construction Co., Inc., for merchandise sold and delivered to a construction site known as the “Pilet job”. Deutsch Construction Co., Inc., hereinafter referred to as Deutsch Construction, had undertaken construction and remodeling of the Pilet residence on Mandeville Street in the City of New Orleans. Defendant, United Bonding Insurance Co., was the surety for Deutsch Construction Co., Inc. on this job. After Deutsch Construction Co., Inc. declared bankruptcy, plaintiff sought recovery from United Bonding Insurance as surety for Deutsch Construction. Defendant, United Bonding Insurance Co., hereinafter referred to as United, denied any liability and additionally asserted a third-party demand on Erwin Deutsch personally for indemnity. United is now in receivership after being declared insolvent on March 8, 1971, in Proceedings No. 147,877 entitled Guglielmo v. United Bonding Insurance Company, in the 19th judicial District Court, Parish of East Baton Rouge. Funds remain, however, for at least partial or complete satisfaction of claims.
*678 After trial on the merits, judgment was rendered in the lower court in favor of plaintiff against United for the sum of $911.25, and on the third party demand a default judgment was confirmed in favor of United against Erwin Deutsch for the sum of $911.25. Plaintiff has devolutively appealed, seeking an increase of the judgment awarded. United also appealed sus-pensively but has, prior to hearing in this court, abandoned its claim and now contends that the trial court judgment is correct. Erwin Deutsch has made no appearance and seeks no appeal from the judgment in default against him. Therefore, the only issue before this court concerns plaintiff’s right to an increase of the award.
Plaintiff, a plumbing contractor and supplier, delivered merchandise to Deutsch Construction at the construction site known as the Pilet job. The total contract amount owed to the plaintiff under this job was $4,611.25. For his services plaintiff was paid $2,500.00 by Deutsch Construction on September 30, 1966. This payment was designated as being for and from the Pilet job, and plaintiff credited this amount against the $4,611.25 accordingly, which reduced the amount owed to plaintiff from this particular job to the sum of $2,111.25.
Plaintiff carried an outstanding original balance of $634.54 for prior material purchased by Deutsch Construction, but the $2,500.00 was not credited to this older balance as the debtor had declared or designated this money to the Pilet job. See LSA-C.C. art. 2163.
The next payment by Deutsch Construction was received on February 21, 1969 and was for the amount of $1,200.00. However, this payment was not earmarked or designated to be credited against any particular job by Deutsch Construction. The second payment for $1,200.00 was thus applied by the plaintiff to the entire balance owed to him, which left $1,545.79 still due and owing which plaintiff alleges is due from the Pilet job.
Plaintiff regularly sent monthly statements and invoices to Deutsch Construction during their association with each other. Within these statements of accounts plaintiff designated the imputation of payments made to him by Deutsch Construction. Specifically a statement or receipt imputing the payment of $1,200.00 to the total account owed by Deutsch Construction was sent and received by them.
United asserts that the $1,200.00 should have been imputed to the Pilet job, for which they acted as surety, and thus the only amount that they are liable for is $911.25 as the trial court has determined. Plaintiff, however, maintains that imputation is to be made to the debt longest due.
Imputation of payments between a debtor and a creditor are governed by LSA-C.C. Articles 2163-2166 inclusively. Plaintiff relies on LSA-C.C. Art. 2166 for imputation to the longest debt due, however, that article is not applicable where the debtor has accepted a receipt or statement on which imputation of payment has been made. Where the creditor does give a statement upon which imputation is made, then LSA-C.C. Article 2165 controls, which reads as follows:
“Art. 2165. Imputation by creditor’s receipt.
“Art. 2165. When the debtor of several debts has accepted a receipt, by which the creditor has imputed what he has received to one of the debts specially, the debtor can no longer require the imputation to be made to a different debt, unless there have been fraud or surprise on the part of the creditor.”
Principally a debtor of several debts may declare or designate the debt to which a certain payment is to be applied. LSA-C.C. Art. 2163. When the debtor does not impute the payment when made, the creditor may make the imputation. When a creditor imputes the payment and informs the debtor of the imputation by a statement of account, the debtor who ac- *679 receipt without cepts the statement or objection or is silent is estopped from questioning the imputation. Electrical Supply Co. v. Eugene Freeman, Inc., 178 La. 741, 152 So. 510 (1934); Robson & Allen v. McKoin, 18 La.Ann. 544 (1866).
An exception results, however, where the creditor had knowledge of the source of funds and an imputation is made in agreement with the debtor which would constitute a fraud on a surety for the debt- or, Grand Lodge, B. Knights of America v. Murphy Const. Co., 152 La. 123, 92 So. 757 (1922); or on the homeowner who has paid the funds to the debtor, Duffy v. Roman, 209 So.2d 502 (La.App., 4 Cir., 1968).
Plaintiff has denied any knowledge as to the job source for the $1,200.00 payment made to him. We are convinced from the evidence contained in the record that plaintiff did not know the source of these funds in question. During the period of time these payments were made, Deutsch Construction was working on forty to fifty other jobs, yet only one payment was imputed by the debtor to the Pilet job. The fact that two large payments occurred within a short span of time is not convincing proof that these payments had to come from the Pilet job. From plaintiff’s viewpoint, the funds could have come from any of the forty or fifty jobs Deutsch Construction was connected with. The past record o'f payments made by Deutsch Construction to the plaintiff reflects the fact that Deutsch Construction was in the habit of making large spasmodic payments on account, which payments appear unrelated to any job source.
United, in the lower court, cited Duffy v. Roman, supra, as controlling. However, in that case we held that the creditor had knowledge of the source of the funds which he received. In the present case no such knowledge exists.
We find Grand Lodge, B. Knights of America v. Murphy Const. Co., supra; Hortman-Salmen Co., Inc. v. Continental Casualty Co., 170 La. 879, 129 So. 515 (1930); and Electrical Supply Co. v. Eugene Freeman, Inc., supra, controlling as to the issue herein presented. In these cases the Supreme Court determined that where the creditor has made an imputation in which the debtor has expressly or tacitly agreed, then, in the absence of fraud the debtor and, ultimately, the surety are bound by that imputation, even though the imputation operated to the prejudice of the surety. In the present case, proper imputation has been made and acceptance by the debtor of the imputation on the receipt has bound him and his surety.
For the above and foregoing reasons, the judgment of the Civil District Court for the Parish of Orleans in favor of the plaintiff and against the defendant, United Bonding Insurance Company, for the sum of $911.25 is amended to increase the award to $1,545.79, together with legal interest from date of judicial demand until paid, and in all other respects the judgment of the court a quo is affirmed.
Amended, and as amended, affirmed.