WATKINS, Judge.
In the principal action in this matter, plaintiff sued defendant Basso and his insurer for damages to house boats resulting from the wake created by the improper operation of defendant’s boat. Judgment was awarded for plaintiff and the case was appealed to this court in a separate appeal 381 So.2d 843. The trial court assessed costs against the defendants and although the judgment of the trial court was amended in some respects, it was affirmed in regard to the assessment of all costs against the defendants, with all costs of appeal to be paid jointly by the plaintiff-appellee and the defendants-appellants. Defendants applied for a rehearing which was denied on March 31, 1980. While the appeal was pending the clerk of the trial court demand *79 ed that defendants pay accrued court costs, most of which apparently resulted from a jury trial requested by defendants. Court costs were paid under protest and defendants filed a motion for reimbursement of court costs paid under protest which was tried, and as a result of which the reimbursement of court costs to defendants was denied. In addition defendants were required to pay $500.00 attorney’s fees.
The statute covering the payment of court costs upon demand by the clerk during the course of litigation is LSA-R.S. 13:843, which reads as follows:
“The clerk of court may demand security for costs at the time the suit is filed.
“After any cost advance furnished under R.S. 13:842 has been exhausted, all accrued costs shall be paid by the party primarily responsible therefor, or by the surety on any bond for costs furnished by him, upon receipt of the clerk’s demand for payment thereof supported by an itemized account of these accrued costs approved by the judge. If these accrued costs are not paid within ten days of the demand for payment, judgment therefor may be rendered against the party, and against the surety on any cost bond furnished by him, by rule returnable not less than two judicial days from the date of service upon the defendants in rule and the clerk may employ an attorney at law to assist him in filing and trying said rule or rules, and the fee of the attorney employed for that purpose shall be fixed by the district judge before whom the rule is tried and shall be taxed as costs along with the cost of hearing the rule. As amended Acts 1958, No. 349, Sec. 1.”
First, defendants-appellants ask that the court costs which they paid under protest be returned to them, contending that it is improper to levy court costs against the defendants before the judgment becomes final. However, this question is now moot as the judgment of the Court of Appeal has now become final. Since the judgment is now final, the issue of whether or not court costs can be levied against the defendants before judgment becomes final is now moot.
Defendants-appellants also contend that they should not have been charged with attorney’s fees for the clerk’s defense of the litigation concerning the levying of court costs. With this contention, we must disagree. In construing statutes concerning the levying of attorney’s fees, the following language found in Fuchs v. LaBruyere, 242 So.2d 349 (La.App. 4th Cir. 1970) is pertinent:
“Statutes which provide for awards of attorney’s fees are to be strictly construed, and such fees will be permitted only in situations where they are clearly authorized, c. f. Hortman-Salmen Co. v. Continental Casualty Co., 170 La. 879, 129 So. 515 (1930); Viator v. Haynesville Mercantile Company, 230 La. 132, 88 So.2d 1 (1956).” (242 So.2d 349, 350)
Appellee, the clerk of court, cites LSA-R.S. 13:843 as authorizing the levying of attorney’s fees. That statute provides that attorney’s fees are to be levied when the clerk is forced to initiate litigation to obtain payment of accrued court costs. It contains no provision authorizing the levying of attorney’s fees if court costs are paid under protest and later a motion or suit is filed to obtain their return. As the statute must be strictly construed, we find that defendants were improperly charged with attorney’s fees under this statute. However, another statute is pertinent and does authorize the levying of attorney’s fees. That statute is LSA-R.S. 42:261 E. As the clerk of court, appellee, is a duly elected public official of this state, and as an action has been brought against him arising out of the performance of the duties of his office, and as the movers in that action, appellants, have been unsuccessful in their demands, movers, appellants are compelled to pay attorney’s fees. Therefore, the judgment of the trial court is affirmed in all respects, all costs to be paid by appellants.
AFFIRMED.