No.——

First Circuit

---

BATON ROUGE SASH AND DOOR WORKS, INC., v. BURKES AND HALEY, ET ALS.

---

(June 12, 1928.   Opinion and Decree.)

---

*(Syllabus by the Editor)*

1. Louisiana Digest—Laws—Par. 56, 84, 85, 92.

The law does not favor repeals by implication.  The general rule is that statutes should be construed together, and if possible, their differences reconciled.

2. Louisiana Digest—Laws—Par. 84, 85, 92; Attorneys—Par. 59.

Act 225 of 1918 providing for attorney's fees to be paid plaintiff where suit is brought on a bond against the sure-ty applies to building contract bonds, and Act 298 of 1926 regarding building contracts does not repeal this Act either expressly or by implication.

Appeal from the Parish of East Baton Rouge.   Hon. Geo. T. Favrot, Judge.

Action by Baton Rouge Sash and Door Works, Inc., against Burkes and Haley, et als.

There was judgment for plaintiff and defendants appealed.

Judgment affirmed.

Cross and Moyse, of Baton Rouge, attorneys for plaintiff, appellee.

Taylor, Porter, Loret and Brooks, of Baton Rouge, attorneys for defendants, appellants.

MOUTON, J.   Burkes and Haley entered into a contract with the Female Orphan Association of Baton Rouge to construct a building on a lot in the City of Baton Rouge.   They furnished a bond as contractors with the Globe Indemnity Company, as surety.   Suit was instituted by the Baton Rouge Sash and Door Works, plaintiff, against Burkes and Haley to recover a balance of account for materials furnished, with interest and attorney's fees.

The only point at issue is whether or not plaintiff is entitled to recover the sum of $294.00 as attorney's fees against the Globe Indemnity Company, surety on the contractors' bond.

The attorney's fees are demanded under the provisions of Act 225, p. 408 of 1918.   It is not disputed that plaintiff is entitled to recover under the act if it has not been repealed by Act 298, p. 408 of 1926.   The District Court found that it was not, and rendered judgment in favor of plaintiff for

the amount claimed. Defendant company appeals.

There is certainly no express repeal of Act 225 of 1918 by Act 298 of 1926. The sole question for determination, therefore, is whether the former act was repealed by implication or was superseded by the later act. The provisions of Act 298 of 1926 have particular reference to building contracts, and to the creation or preservation of liens or privileges in connection therewith, for the protection of contractors, subcontractors, architects, laborers, furnishers of materials, etc.; also to the method of procedure to enforce liens and privileges created under that act.

The foregoing are the general purposes of the act which are stated more specifically, and at the same time with more amplitude in the body of the act. Section 16 of the act indicates with more precision what is the real object of the act. This section says:

"The manner and method of creating and preserving liens and privileges created and specified in this act shall be exclusive, and all laws and parts of laws inconsistent with the provisions of this act as well as laws or parts of laws on the same subject matter, including provisions of the Civil Code of Louisiana inconsistent herewith are hereby repealed."

The act then proceeds to repeal expressly Acts 139 of 1922; 262 of 1916; Act 229 of 1916, and Act 230 of 1924. The acts which are thus specifically repealed relate to building contracts and the preservation of privileges in connection therewith for the protection of contractors, subcontractors, architects, laborers, etc. This express repealing clause, and the language used in Section 16 which precedes this repeal, indicate quite clearly that in enacting Act 298 of 1926 the Legislature intended to deal with building contracts, and liens or privileges created and preserved thereunder and with all laws that might be inconsistent with that character of legislation.

Act 225 of 1918 is altogether different in its purpose and general provisions. That act makes no particular reference to building contracts and to the liens which are usually created, recognized and enforced under such contracts. The very title of Act 225 of 1918 refers to "a surety on any bond, whether in a judicial proceeding, building contract or otherwise." Its purpose is not to create or recognize privileges in building contracts or to provide any procedure for their enforcement. The real purpose of that act is to make it imperative on the surety, whether in a judicial proceeding, building contract, or otherwise, to promptly pay its obligation under the bond furnished, when the principal therein fails to discharge his or its obligation. When the principal fails to pay as per the terms of his contract, and the surety defaults on his bond, the claimant is entitled to recover ten per cent on the amount recovered against the surety, as attorney's fees.

Section 10 of Act 298 of 1926, it is true, makes provision for the payment of attorney's fees when a concursus proceeding has been invoked under its provisions. The fee as provided for in that section, is to be recovered against the fund deposited or against the surety but it is not to be paid in preference to the claims of subcontractors, journeymen, laborers, etc. Evidently there is no conflict or antagonism between this provision of the act and the right of action given under Act 225 of 1918 to the claimant for attorneys' fees against the surety for his failure to meet the

obligations of his bond. Section 14 of Act 298 of 1926 says:

"Nothing in this act shall so be construed as to deprive any claimant of his right of action against the surety signing any bond furnished in connection with any building contract or such contract, or against the principal obligor thereunder, etc."

Obviously there is nothing inconsistent here with the right of action conferred by Act 225 of 1918 on the claimant for the recovery of his attorney's fees against a surety. After the word "thereunder" quoted in the foregoing clause of Act 298 of 1926, the act proceeds to say: that this right of action therein mentioned, shall accrue at any time after the maturity of the claim of such claimant, and that the claimant must record his claim and serve a copy thereof on the owner and surety thirty days prior to the institution of his suit. The claim, as required by Section 14 of said act must be recorded as provided in Section 2 of that act.

This requirement is demanded for the preservation of the lien of such claimant. This section 14 of the act, as we read it, has no reference whatsoever to the claimant for attorney's fees under Act 225 of 1918. Its purpose was to require recordation of claims for the preservation of liens or privileges, which was the real purpose that prompted the enactment of Act 298 of 1926. There is nothing inconsistent or conflicting between the two acts which could be construed as destructive of the rights of plaintiff to demand attorney's fees in the present suit.

In Broussard vs. Henderson, 120 La. 542, 45 So. 430, the Court said:

"It is equally well settled that in determining whether one law conflicts with another it is necessary to consider the purposes of both acts, and if it appears that the law last mentioned is to cover the whole subject matter dealt with and to modify and supersede those previously enacted, then the modification or supersession results and must be declared."

The purposes of the two acts as hereinabove commented upon, are different and their provisions are not inconsistent or conflicting. There is nothing in the Act of 1926, the last law enacted, showing that its provisions were intended to cover the subject matter of the earlier statute whose sole object was to force a prompt payment by the surety on his bond upon the failure of his principal to discharge his obligation, and to impose upon the surety ten per cent attorney's fees on the amount recovered after the expiration of thirty days from the service of notice of the demand by the claimant on the principal and his surety. These provisions of Act 225 of 1918 are not modified or superseded by the provisions of Act 298 of 1926, and therefore no modification or supersession resulted from the later enactment so as to bring this case under the ruling announced in Broussard vs. Henderson.

It is axiomatic that the law does not favor repeals by implication. The general rule is that statutes should be construed together, and if possible, their differences reconciled. In the instant case there is no repugnancy between the two acts, and no reason calling for a repeal of the earlier act by implication or otherwise.

The judgment rendered in favor of the plaintiff for the attorney's fees claimed, is therefore affirmed, with cost.