O’NIELL, C. J.
 

 This is a suit to recover on two bonds of a building contractor, one for $1,157.14 and the other for $1,136.40. The defendants are the contractor and the surety 'on the bonds. The plaintiff’s claims are for lumber furnished and used in the construction of the buildings. The bonds were given in compliance with the Act 139 of 1922, p. 290, the condition of each bond being, according to the statute, for “the true and faithful performance of the contract and the payment of all subcontractors, journeymen, cartmen, truckmen, workmen, laborers, mechanics, and furnishers of material jointly as their interests may arise.” The contracts were for the construction of two houses for the Sixth District Building & Loan Association, one for the account of A. Picone and the other for the account of George Reyer. One of the bonds was given for the faithful performance of one of the contracts, and the other bond was given for the faithful performance of the other contract.
 

 The contractor, in his answer to the suit, admitted that plaintiff had furnished the lumber, but pleaded that payments were made sufficient to satisfy the claims. The surety company denied the allegations of the plaintiff’s petition, for want of sufficient information, and pleaded that the plaintiff had lost all right of action against the surety company by failing to record a lien within ■30 days after the acceptance of the buildings, after which time the owner paid the con- ■ tractor the balance due under the contracts, sufficient to satisfy the plaintiff’s claims. There was judgment for the plaintiff and ■against the defendants in solido for the amount sued for, with interest and 10 per cent, attorney’s fee, and judgment for the surety company against the contractor. The surety company alone has appealed.
 

 The appellant’s plea that the plaintiff’s failure to preserve a lien by recording the claim within 30 days after acceptance of the building released the surety from liability under the bond is not well founded and is not argued in the brief. It is now well settled that a furnisher of material is not required to record his claim or to serve it upon the owner of the building in order to preserve a right of action against the surety on the contractor’s bond. Shreveport Mutual Building Association v. Whittington, 141 La. 41, 74 So. 591; Audubon Homestead Association v. A. Stef Lumber Co., 158 La. 1054, 105 So. 62; Fidelity Homestead Association v. Kennedy & Anderson, 158 La. 1059, 105 So. 64.
 

 We agree with the judge who tried the case that the proof offered by the plaintiff was sufficient. The prolonged correspondence between the plaintiff’s attorney and the surety company, and the correspondence between the plaintiff’s attorney and the contractor’s attorney, shows that there was no just ground for delaying or finally refusing to pay the claims. The contractor did not testify in this case, but his testimony given in another suit, in which he was sued by the same plaintiff for another bill of lumber, was introduced in evidence. In his testimony in that case he first denied, but afterwards reluctantly admitted, that the claims sued on in this case were correct. It is true that the admission was not conclusive against the surety company; but there is no doubt about the truth of it. The evidence leaves no doubt that the contractor owes the debt, or that the lumber for which the debt was contracted was delivered and used in the construction of the buildings. An itemized account of the lumber sold and delivei’ed for each building was kept separate, one being kept under the title “Joto No. 1” and the other under the title “lob NO'. 2,” and there is no doubt that the
 
 *1069
 
 lumber sold and delivered for each job was actually used on that job.
 

 The judgment is affirmed.