(120 So. 21)

No. 28228.

AMERICAN CREOSOTE WORKS, Inc., v. ÆTNA CASUALTY & SURETY CO.

Jan. 2, 1929.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellant.

Blanchard, Goldstein & Walker, of Shreveport, for appellee.

ROGERS, J. Plaintiff sues to recover $2,326.18 as the balance due for materials furnished to the N. M. George Contracting Company and used in the construction of the highway between Dubach, in Lincoln parish, and Bernice, in Union parish. The highway was constructed under two contracts between the Louisiana highway commission and the N. M. George Contracting Company, with the Ætna Casualty & Surety Company signing as surety. The bonds were executed in accordance with the provisions of Act 224 of 1918. The work in which the materials were used was accepted in writing by the highway commission, and the acceptance was duly recorded in the mortgage records of the parishes of Lincoln and Union. Plaintiff failed to file its liens and to serve the highway commission with notice of its claim until more than 45 days had elapsed from the date of the recordation of the acceptance. After it had accepted the work, and before any claim whatever was filed or presented by the plaintiff, the highway commission, out of the amount retained under the contracts, discharged the liens that were recorded, and paid the remainder, approximately $2,600, to the contractor. Subsequently, the N. M. George Contracting Company became insolvent, and this suit was brought solely against the surety company.

The defense set up by the surety company in its answer was that it was released and

discharged from all liability on its bonds, because the plaintiff failed to record its liens and to give notice of its claim to the highway commission within 45 days after the acceptance of the work, thereby enabling the contractor to collect from the contractee the balance due on the contracts, which was more than sufficient to liquidate plaintiff's debt.

The court below rendered judgment in plaintiff's favor as prayed for, and the defendant has appealed.

█ The defendant does not dispute the correctness of the amount sued for. It seeks to defeat plaintiff's suit solely upon the question of law raised in its answer, viz., that plaintiff forfeited its right of action on the bonds by its failure to timely record and serve notice of its claims. But that question is no longer an open one. It is now settled by repeated decisions of this court that a materialman is not required to record his claim or to serve it on the owner of the property in order to preserve his right of action against the surety on the contractor's bond. Madison Lbr. Co. v. Bachemin, 166 La. 1066, 118 So. 141, and authorities therein cited. And the court has applied the principle of law announced in those decisions to a case arising under the provisions of Act 224 of 1918. See Haynesville Lbr. Co. v. Casey, 165 La. 1065, 116 So. 559.

█ It is earnestly argued on behalf of the defendant that the statutes regulating building contracts and contracts for public works, under the interpretation placed upon them by the decisions hereinabove referred to, repeal by implication Civ. Code, art. 3060 et seq., thereby depriving the surety of the right of subrogation and of his right to be discharged from his obligation when the creditor does certain acts as set forth in the codal articles. That since repeals by implication are not favored, the statutes in question should not be construed so as to disturb the law covering suretyship established by the provisions of the Civil Code. If there is any conflict between the statutory provisions and the codal articles, the latter must yield, necessarily, to the former. In Dixie Bldg. Material Co., Inc., v. Massachusetts Bonding & Ins. Co., No. 29461 of our docket (La. Sup.) 119 So. 405,[1] recently decided, we said:

"The laws regulating building contracts are sui generis, and the general laws regulating suretyship have, ordinarily, but little application to cases within their purview. Therefore we must look solely to the legislative act in order to ascertain the obligations of the parties litigant."

When we examine the legislative act (No. 224 of 1918) governing this case, we find, as pointed out in Haynesville Lbr. Co. v. Casey, referred to supra, it specially provides: "That the right of action of materialmen against the contractor and his surety shall accrue at any time after the maturity of their claims, and that no provision or requirement of that act shall be so construed as to deprive any person or claimant within the terms of the act of his right of action on the bond." We also said in our opinion in the case that: "A legal right can never be lost or forfeited by the neglect or failure to perform an act which the law has declared need not be performed."

We see no reason to retract the doctrine announced in the cases cited, and, therefore, reaffirm it. The law must be changed, if it is desirable to do so, by the legislative department of the state.

For the reasons assigned, the judgment appealed from is affirmed.

---

[1] Ante, p. 399.