ROGERS, J.
 

 This suit grows out of the construction of the Jordan building in the city of Shreveport. The plaintiff is one of the materialmen, and the defendants are -the • contractors and the surety on their bond. The- contract was executed and the bond given under the provisions ■of Act No. 139 of -1922.
 

 The contractors defaulted, and a concursus proceeding was provoked by the owner. In this proceeding a judgment was rendered canceling all the liens recorded against the building and also canceling the bond signed by the defendant surety company! The plaintiff, not having recorded a lien nor served an account on the owner, was not made a party to the concursus proceeding.
 

 In the present sui-t the contractors offered no defense. The surety company, however, denied liability on the ground that the bond sued on had been canceled prior to the institution of plaintiff’s action. The court below gave plaintiff judgment against the contractors for the amount sued for, but rejected plaintiff’s demand as against the surety company. From this judgment, the plaintiff has appealed."
 

 It is now well settled that the furnisher of material for a building is not required to record his claim nor to serve it on the owner in order to preserve his right of- action against the contractor’s surety. Madison Lbr. Co. v. Bachemin, 166 La. 1066, 118 So. 144, and authorities therein' cited-.' Counsel for the appellee admit that this is so, but they earnestly argue that the rule stated is inapplicable to this ease, which is one wherein the material-men, who failed to record his claim or to serve it on the' owner or to intervene in the concursus proceeding, seeks to recover on the contractor’s bond after it.had been canceled by a judgment of: court..
 

 It cannot be disputed that plaintiff’s right of action for the breach of the condition of the bond arose prior to the sorcalled cancellation of that instrument. Hence the question to be determined is whether the judgment or cancellation can operate to plaintiff’s prejudice. The bond being purely statutory in character, recourse must be had to the controlling statute (Act No. 139 of 1922) in order to ascertain the rights and the remedies of the parties.
 

 Section 2 of the legislative act provides generally for a bond to be attached to and recorded with the contract; for the filing of claims by mechanics and materialmen with the owner or his representative; for the recordation of such claims within thirty days after the registry of the owner’s acceptance or the contractor’s default; for the erasure of inscriptions; and for the establishment and payment of claims.by the owner. The statutory provision specifically provides that if, at the expiration of thirty days after registry of the owner’s acceptance or the contractor’s default, there are no recorded claims, “the Recorder of Mortgages, shall upon written demand of any party interested, cancel and erase from the books of his office all inscriptions resulting from the recordation of said contract
 
 *1088
 
 or bond as to all parties except the contractor. If at the expiration of thirty days there are such recorded claims filed, the owner or other interested person may file a petition in a Court of competent jurisdiction citing all claimants, including the undertaker, contractor, master mechanic, or engineer, against whom said claims are filed and the surety on the bond, and shall therein assert whatever claim he has against any or all of them and require said claimants to assert their respective claims; and all of said claims shall be tried in coneursus.”
 

 It is argued on behalf of the appellee that under the statutory provision, if at the expiration of thirty days from the registry of the owner’s acceptance or the contractor’s default there are no recorded claims, the surety, as an interested party, may servé a written demand on the recorder of mortgages for the cancellation of the contractor’s bond; or if at the expiration of the thirty-day period there are recorded claims and a coneursus is provoked, which was the case here, the contractor’s surety, as a necessary party, may require a final disposition in the proceeding of its liability and a cancellation of its obligation.
 

 The argument runs counter to the reason for decision in the line of cases we have hereinabove referred to, holding that a surety company, which for a consideration has voluntarily entered into the contract, must pay the workmen and materialmen in case the contractor fails to do so, even though the claimants have not recorded their claims nor served them on the owner, particularly where the failure to perform these acts has not resulted in any loss to the surety company.
 

 The statutes construed in those cases contain language similar to the statute under consideration in this case. In those statutes, as in section 5 of the one now before us, it is expressly provided that the surety shall be liable to such defenses only as the contractor is authorized to make. The legislative act governing the present controversy further provides, in section 14, that “nothing in this act shall be so construed as to deprive any claimant within the terms of this act of his right of action upon the bond, which right shall accrue at any time after the maturity of his claim.”
 

 Appellee contends that the provision of section 5 of Act No. 139 of 1922, hereinabove referred to,, limits the surety to the same defenses-as the contractor only so long as the bond is in force, but that, after the bond has ceased to exist, whether by cancellation if no liens are filed within thirty days after the acceptance of the work by the owner or the default of the contractor, or by final judgment in a coneursus proceeding, the right of action against the surety is abated; that section 14 of the statute, which we have quoted in full, means a claimant who has complied with the terms of the statute by recording his claim and by serving a notice thereof upon the owner.
 

 The answer to the second of appellee’s contentions is to be found in the settled jurisprudence which holds that a materialman is within the terms of the law so far as the contractor’s surety is concerned, notwithstanding he fails to record his claim or to serve it on the owner/
 

 The answer to the first of appellee’s contentions is to be found in the interpretation of the statute as a whole, with reference particularly to the rule of statutory construction that the general purpose and object of the law must be kept in mind and the statute given such fair and reasonable interpretation as will effect that purpose and object. The statute under consideration here was en
 
 *1090
 
 acted for the benefit and protection of the owner, on the one hand, and the workmen and materialmen, on the other hand, and not in the interest of the contractor’s surety. Hence it should be interpreted so as to achieve, and not to defeat, the purpose and object of its enactment.
 

 It will be observed that no period of time is fixed in the statute for the duration of the surety’s responsibility. Hence, the surety is not released from liability to a materialman until his claim has been paid or has become prescribed as provided by law.
 

 Section 1 of Act No. 139 of 1922 provides for the reduction to writing of building contracts and for their recordation in the mortgage records of the parish wherein the building or work is to be erected or performed. The purpose of such recordation, as set forth in the statute, is to create and preserve the liens and privileges of the contractor, workmen, and materialmen against the building or other structure repaired or constructed under the terms of the contract. This section of the statute also requires the owner of the work to obtain from the contractor a bond with good and solvent surety.
 

 The second section of the statute, which is relied’ on by appellee, provides that the bond shall be attached to and recorded with the contract, and declares what the conditions of the bond shall be.
 

 It is the recordation of the contract, as provided by the first section of the statute, and not the recordation of the bond, as provided by the second section of the statute, which creates and preserves the liens and privileges of the contractor, workmen, and materialmen.
 

 The expression in the second section of the statute reading, “If at the expiration of said thirty days there are no such recorded claims filed, the Recorder of Mortgages, shall upon written demand of any party interested, cancel and erase from the books of his office all inscriptions resulting from the recordation of said contract or bond as to all parties, except the contractor,” can refer only to such inscriptions as could result from the recordation of the contract, since there are no inscriptions that could result from the recordation of the 'bond. The requirement that the bond be attached to and recorded with the contract was not incorporated in the' statute for the purpose of creating or preserving the rights of the workmen and materialmen against the surety on the contractor’s bond. The liability of the contractor’s surety to the workmen and materialmen is created by the execution of the bond itself. The purpose of the requirement that ¡the bond be attached to and 'recorded with the contract is to identify the bond and to make it easily accessible to those dealing and acting on the faith of the instrument.
 

 The words “or bond” in the provision we have quoted evidently found their way’ into the statute through accidental means. The words themselves are purely surplusage. The object of the statutory provisions is plainly to permit the owner, or any other party interested as owner, to obtain the cancellation'of the inscription of the contract so as to release the owner and his property from further liability, except as to the contractor, growing out of or arising under the building contract. If it was the purpose of the lawmaker to permit the contractor’s surety to apply for and obtain the cancellation of 'his obligation, there would be no necessity for the exception in favor of the contractor, since his claim is always against the owner and not against his surety.
 

 It is not contended, and could not be contended, that plaintiff’s claim against the ■ contractors is discharged, because the plaintiff did not record its claim and serve it on the
 
 *1092
 
 owner. If the contractor could not urge these circumstances as a defense to plaintiff’s claim, we do not think that the contractor’s surety can avail itself of such a defense in view of the express statutory provision that the surety can make only such defenses as the principal can make. The contractors’ liability will cease only when the plaintiff’s claim is paid or becomes prescribed, and, until either of these events take ^lace, the contractors’ surety cannot be heard to assert that plaintiff’s action on the bond is abated. This is not the case, however, under the current statute governing building contracts, which expressly provides that any action against the surety must be brought within one year from the registry of the acceptance of the work or the notice of default of the contractor. See Act No.. 298 of 1926, § 14, p. 548.
 

 While the plaintiff is entitled to a recovery on the contractors’ bond, we do not find sufficient evidence in the record to authorize such recovery in this suit. The only evidence to show that the material was purchased from the plaintiff by the contractors and used in the construction of the Jordan building is the testimony of one of plaintiff’s attorneys. This witness had no personal knowledge of the transaction. He testified that, when the account sued on was received by his firm for collection, he called at the office of the B. & T. Construction Company, where he went over the account with Mr. Newton Brown; that Mr. Brown admitted to him that the account was on the Jordan job, that it was correct and he promised to pay it; that Mr. Brown also told him that the B. & T. Construction Company was a partnership composed of Newton Brown and E. M. Turk. When this testimony was offered on behalf of plaintiff, it was objected to as hearsay by counsel for the surety company. The trial judge admitted the testimony subject to the objection, stating that it was an admission as to the B. & T. Construction Company, although he did not know that it would be binding on -any one else. This testimony, so far as the surety is ■ concerned, was plainly hearsay and incompetent. With this testimony excluded, there is no evidence to impose any liability on the surety in this proceeding.
 

 For the reasons assigned, the judgment appealed from is annulled so far as it absolutely rejects the demand of the Truscon Steel Company, plaintiff, against the Union Indemnity Company, the contractors’ surety; and it is now ordered that the demand of plaintiff against the said surety company be rejected only as in case of nonsuit at. plaintiff’s costs; in all other respects the judgment is affirmed.
 

 O’NIELL, O. J., is of the opinion that the judgment of the district court should be affirmed.