### No. 749

### First Circuit

---

## COLONIAL CREOSOTING CO. v. J. H. NEWTON CONSTRUCTION CO.

---

(March 3, 1931. Opinion and Decree.)
(May 5, 1931. Rehearing Refused.)

---

Ott & Rich, of Bogalusa, attorneys for plaintiff, appellee.

H. R. Reid, of Hammond, attorney for defendant, appellant.

MOUTON, J. In March, 1928, the defendant company entered into a contract with the police jury of St. Tammany parish to build the Mandeville Junction highway.

The defendant company, as principal, with the Federal Surety Company, as surety, executed a bond for the faithful performance of the contract, both recorded, and for the payment of all claims for labor, supplies, and materials in accordance with the statutory provisions on that subject.

Plaintiff company sold creosoted lumber to the defendant company which was used in the construction of the highway. The materials furnished amounted to $443.44, for which judgment in solido was rendered against the defendant company and the Federal Surety Company.

The surety company alone appeals.

The correctness of the account is admitted; also that demand for payment was made more than thirty days prior to the institution of the suit.

The contention of the Federal Surety Company is that plaintiff should, for the preservation of its lien, have recorded a sworn statement of its account. It is now well settled that the materialman is not required to record his claim to preserve his right of action against the surety on the contractor's bond. American Creosote Works v. Aetna Casualty & Surety Co., 167 La. 601, 120 So. 21; Madison Lumber Co. v. Bachemin, 166 La. 1066, 118 So. 141.

Learned counsel for defendant surety company does not seem to dispute the correctness of the foregoing rule of law. His contention appears to be based on the fact that plaintiff had been requested by the manager of defendant company to file its lien, which, if it had been filed, says counsel, there would have been funds to pay it. A proper answer to this contention is found in the following quotation from the opinion of the court in American Creosote Works v. Aetna Casualty & Surety Co., 167 La. 601, 120 So. 21, 22, above cited:

"A legal right can never be lost or forfeited by the neglect or failure to perform an act which the law has declared need not be performed."

Judgment affirmed.