### STEVENSON v. UNITY INDUSTRIAL LIFE INS. CO. *
### No. 14812.

Court of Appeal of Louisiana. Orleans. June 11, 1934.

Loys Charbonnet and E. B. Charbonnet, Jr., both of New Orleans, for appellant.

Hugh M. Wilkinson, A. Miles Coe, Fred W. Oser, and Harry Nowalsky, all of New Orleans, for appellee.

HIGGINS, Judge.

This is a suit by the beneficiary of a policy of life insurance against an industrial life insurance company to recover the sum of $200, representing the face value of the policy.

The defendant in its answer admitted the issuance of the policy and the death of the insured, but denied liability, basing its defense upon the ground that the contract sued on had lapsed for nonpayment of premiums several weeks before the death of the insured and had never been revived thereafter in accordance with the provisions thereof.

There was judgment in favor of the plaintiff, as prayed for, and defendant has appealed. Plaintiff has answered the appeal, and asked to be awarded an additional sum of 10 per cent. of the amount of the judgment as damages for frivolous appeal.

It is conceded that the policy was issued on February 1, 1932, without a medical examination, and that the insured died at the Charity Hospital on September 29, 1932.

The premium receipt book, which was introduced in evidence, shows that the premiums were regularly paid on or about the dates upon which they fell due, until August 11, 1932, and that thereafter, for a period of eleven weeks, nothing was paid until September 26, 1932, at which time the plaintiff paid eleven weeks of premiums at the rate of 14 cents per week.

The plaintiff, as a witness in her own behalf, testified that, due to the fact that she had secured employment and had to leave her home early in the morning, she left the necessary funds with her sister, who lived next door, to pay the premiums to the defendant's agent, who collected them; that he gave plaintiff's sister a number of receipts covering these premiums; and that on September 26, 1932, the defendant's agent called at her home and plaintiff then had him mark the payments in her premium receipt book; that on the agent's suggestion the receipts were destroyed by placing them in the fire; and that, while the receipt book shows that all the premiums were paid on September 26, 1932, as a matter of fact and truth the premium of 14 cents was paid each week as it fell due.

The defendant then placed on the witness stand its assistant manager, who attempted to testify. Plaintiff's counsel interposed the objection that the record had not been made by the witness, but by defendant's agent, Mr. L. B. Hurt, who was available as a witness and was the proper party to testify. The trial judge sustained the objection, when the witness admitted that Mr. Hurt had written the payments in the premium receipt book. Counsel for defendant requested that the case be continued for twenty-four hours for the purpose of summoning Mr. Hurt as a witness. Counsel for plaintiff objected. The judge a quo refused to grant the continuance on the ground that defendant had failed to summon the witness, although he was available and had previously announced itself ready for trial.

The first complaint against the judgment is that the plaintiff's testimony was not sufficient to overcome the effect of the premium receipt book, which purported to show that the policy had lapsed for nonpayment of premiums from August 11, 1932, to September 26, 1932. Her story is attacked upon the ground that it is not plausible. The trial judge, who heard and saw the plaintiff, believed her, and, since the question presented is one of credibility of the witness, we find nothing in the record which would justify us in saying that our learned brother below was manifestly erroneous in accepting her uncontradicted explanation.

Was the ruling of the trial court correct in denying the defendant the requested continuance? The petition alleged that the premiums were duly paid up to October 1, 1932. The defendant denied that allegation of the petition and averred that the policy had lapsed for nonpayment of premiums from August 11, 1932, to September 26, 1932, and that the policy had not been reinstated. The sole and only issue in the case at that time was whether or not the premiums had been paid in accordance with the provisions of the policy. Defendant had in its possession the premium receipt book which had been surrendered with the policy and proof of death. The agent, Mr. Hurt, was in the employment of the defendant and was available as a witness. Defendant knew what its defense was, and made no effort to summon Mr. Hurt as a witness or to have him voluntarily appear. The case was called for trial on the merits, and defendant announced itself ready, and, since no element of surprise is involved, as

the pleadings clearly presented the sole issue in the case, we believe the trial judge cannot be said to have acted arbitrarily in exercising his discretion in refusing the continuance.

■ Defendant's counsel presented the case in a most earnest and serious manner, and we do not feel that under the circumstances it can be said that the appeal was taken for the purpose of delay and was therefore frivolous.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.