201 So.2d 184 (1967)
APEX SALES COMPANY, Inc.
v.
Wilson ABRAHAM, d/b/a Wilson Abraham Construction Company, American Mortgage Corporation, Aetna Casualty and Surety Company, Don Billings and Jack Farmer.
No. 2726.
Court of Appeal of Louisiana, Fourth Circuit.
July 5, 1967.
*185 Landrieu, Calogero & Kronlage, Charles A. Kronlage, Jr., New Orleans, for plaintiff-appellee.
Seale, Smith & Baine, Edward C. Seghers, Baton Rouge, for defendants-appellants.
John R. Frenkel, New Orleans, for defendants-appellees.
Before McBRIDE, YARRUT and BARNETTE, JJ.
McBRIDE, Judge.
This suit by the furnisher of materials to a subcontractor was brought against the prime contractor, his surety and the subcontractor to whom the materials had been furnished, all in solido.
During 1963 defendant Abraham contracted in writing with the owner to erect the "Penthouse Apartments" in the 3900 block of St. Charles Avenue in New Orleans, furnishing a bond in accordance with R.S. 9:4802, as amended. In 1964 Abraham, as prime contractor, entered into a subcontract, in writing, for the furnishing and installation of sheetrock and the performance of certain painting with Billings & Farmer, a partnership, as subcontractor. Plaintiff alleges that between November 9, 1964, and through February 7, 1965, it sold certain paint, painting material and supplies to the subcontractor, Billings & Farmer, which were used in the performance of its subcontract in the erection and construction of the aforementioned building, on which there is a balance due of $9346.77.
Abraham, Aetna Casualty and Surety Company, and Jack Farmer (one of the partners of Billings & Farmer) deny that the goods were sold and delivered by plaintiff to Billings & Farmer or were used in the erection and construction of the building. Neither the partnership of Billings & Farmer nor Don Billings (the other partner) made an appearance.
In a third-party demand Abraham and Aetna Casualty and Surety Company claimed of Billings & Farmer damages in the sum of $3300 allegedly due and accrued as the result of the inferior work of Billings & Farmer which led to Abraham being forced to terminate their services.
Jack Farmer, in his individual capacity, filed answer to the third-party demand, denying the allegations thereof; Jack Farmer, individually, then assumed the position of third-party plaintiff in reconvention alleging that Abraham and his surety were indebted unto him for the sum of $14,815.80, being the balance due on the subcontract price and prayed for judgment therefor. Farmer's allegations were denied by Abraham and the surety.
After a trial on the record as made up and the issues therein, there was judgment in favor of plaintiff and against Abraham Construction Company, Aetna Casualty and Surety Company, Don Billings and Jack Farmer, individually, and in solido, for $9346.77, plus 10% attorney's fees as against Aetna Casualty and Surety Company; there was also judgment in favor of Jack Farmer and Don Billings, third-party *186 defendants and plaintiffs and against Abraham and Aetna Casualty and Surety Company for $2369.03. From the judgment Abraham and Aetna Casualty and Surety Company have appealed.
Jack Farmer and Don Billings in their individual capacities have answered alleging that the appeal is frivolous, and they pray for damages against the appellants under C.C.P. art. 2164; plaintiff also answered the appeal to the same effect and prayed for damages against appellants pursuant to the provisions of the above mentioned article of the Code of Civil Procedure.
Although appellants in their answer to the suit denied the sale and delivery of the goods by plaintiff to Billings & Farmer, no contention on appeal has been made that the lower court was in error in finding that there was a sale and delivery as alleged by plaintiff. We have examined the record and we are convinced that plaintiff sold and delivered the goods to the partnership contractor and that they were used in the erection and construction of the building. In his reasons for judgment, the trial judge stated:
"* * * The proof in the case beyond peradventure of doubt, in the estimation of the Court, was that the materials furnished were either delivered to or delivered over the counter to Billings and Farmer, and that they were used in the job. There is no contradiction of this that is worthy of note."
We heartily agree.
Counsel for appellants dedicated a great deal of their brief and oral argument to the proposition that the plaintiff had filed no valid lien or privilege on its claim and that, therefore, it is relegated to asserting its claim against Billings & Farmer, the subcontractor. It is also contended that the trial court erred in awarding 10% attorney's fees to plaintiff as against Aetna Casualty and Surety Company.
There is no necessity for a furnisher of materials to file a lien against the building project as a prerequisite to recovery of a personal judgment against the contractor and his surety.
The personal liability of the contractor and surety is grounded on the provisions of R.S. 9:4803 and 9:4814, and as to the surety more particularly on the voluntary contractual obligations undertaken.
The surety bond, in part, provides:
"KNOW ALL MEN BY THESE PRESENTS: That WILSON P. ABRAHAM CONSTRUCTION COMPANY as Principal, hereinafter called Principal, and the AETNA CASUALTY AND SURETY COMPANY, as Surety, hereinafter called Surety, are held and firmly bound unto AMERICAN MORTGAGE CORPORATION, as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of NINE HUNDRED THIRTY ONE THOUSAND, THREE HUNDRED AND NO/100 DOLLARS ($931,300.00) for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.
* * * * * *
"NOW THEREFORE, THE CONDITION OF THIS OBLIGATION is such that if the Principal shall promptly make payments to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions."
The surety's liability is set forth in R.S. 9:4803, as amended, thusly:
"Subject to the limitation provided in R.S. 9:4814, where the owner has required *187 the bond herein provided, the surety thereon shall be liable in solido with the contractor for all labor and materials used in the said work of improvements * * *."
The remedy against the surety is set forth in the first paragraph of R.S. 9:4814, as follows:
"Except as provided in Subsection C of this Section nothing in this Subpart shall be so construed as to deprive any claimant of his right of action against the surety signing and bond furnished in connection with any building contract or sub-contract, or against the principal obligor thereunder, which right of action against such obligor and the said surety shall accrue at any time after maturity of the claim of said claimant."
The evidence shows that the amount sued for is the actual indebtedness of the subcontractor; therefore, under the terms of the surety bond and the above statutory provisions, the prime contractor and his surety must respond in judgment. In Colonial Creosoting Co. v. J. H. Newton Const. Co., 16 La.App. 691, 132 So. 789, the court said:
"The contention of the Federal Surety Company is that plaintiff should, for preservation of its lien, have recorded a sworn statement of its account. It is now well settled that the materialman is not required to record his claim to preserve his right of action against the surety on the contractor's bond. American Creosote Works v. Aetna Casualty & Surety Co., 167 La. 601, 120 So. 21; Madison Lumber Co. v. Bachemin, 166 La. 1066, 118 So. 141."
See also Truscon Steel Co. v. B. & T. Const. Co., 170 La. 1083, 129 So. 644.
Aetna Surety and Casualty Company's complaint about the allowance of attorney's fees is not valid. R.S. 9:3902 under title "Of Suretyship" provides, in part, as follows:
"If the surety on a bond fails to pay his obligation and it becomes necessary for the creditor to sue thereon, the latter shall be entitled to ten per cent attorney's fees on the amount recovered, provided he has employed an attorney for the purpose, has made written amicable demand on the principal and surety and thirty days have elapsed from their receipt thereof without payment being made, and the full amount claimed in the demand is recovered."
The above applies to building contract bonds. Baton Rouge Sash & Door Works v. Burkes & Haley, 8 La.App. 654.
The evidence discloses that plaintiff made many written amicable demands on the principal and surety, and more than 30 days elapsed from all of said demands without payment being made. Plaintiff successfully recovered the full amount demanded and is entitled to recover the statutory attorney's fees from the surety. Arcadia Lumber Co. v. Austin, 15 La.App. 212, 131 So. 601.
Although counsel for Aetna Casualty and Surety Company has not called our attention thereto, we notice one glaring error in the judgment. There was judgment:
"* * * in favor of the Third Party Defendants and Plaintiffs in Reconvention, Jack Farmer and Don Billings, and against Third Party Plaintiffs and Defendants in Reconvention, Wilson P. Abraham d/b/a Construction Company and Aetna Casualty and Surety Corporation, in the full sum of $2,369.03 * * *"
This judgment was rendered on the pleading wherein Jack Farmer styled himself "Third party defendant, plaintiff in reconvention." Jack Farmer, individually, had no power to champion any rights of Billings & Farmer and the above quoted portion of the judgment cannot be allowed to stand.
*188 The subcontract itself and the testimony in the case demonstrates positively that Billings & Farmer is a partnership composed of Don Billings and Jack Farmer and there is nothing going to show that the partnership has been dissolved. The law is well settled that all actions by a partnership must be prosecuted by the partnership and in the partnership name.
The Supreme Court stated the rule succinctly in E. B. Hayes Machinery Co. v. Eastham, 147 La. 347, 84 So. 898:
"Under the civil law, which prevails in this state, a partnership is a legal entity entirely separate and distinct from the persons who compose it, and may have its own creditors and debtors to the same extent as the individual partners. Newman v. Eldridge, 107 La. 315, 31 South. 688; Stothart v. Hardie & Co., 110 La. 700, 34 South. 740; Smith v. McMicken, 3 La.Ann. 322. So long as the partnership is not dissolved, it alone can maintain an action on the firm's claims, and even though all its members join therein, such a suit cannot be maintained in the absence of the partnership as a party plaintiff. Wolf v. New Orleans Tailor Made Pants Co., 52 La.Ann. 1357, 27 South. 893."
See also Trappey v. Lumbermen's Mutual Casualty Co., 229 La. 632, 86 So.2d 515; Coast v. Hunt Oil Co., 195 F.2d 870 (5 Cir.); Esteve Bros. & Co. v. Harrell, 272 F. 382 (5 Cir.).
Under the provisions of C.C.P. art. 927 an appellate court is ex-officio authorized and empowered to notice the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit.
The answers to the appeal wherein appellees pray for damages for frivolous appeal need not be discussed at any length. Jack Farmer and Don Billings cannot recover damages for the reason that on the appeal a judgment in their favor against appellants was reversed. Plaintiff cannot recover damages for frivolous appeal, it not appearing that the appeal was taken merely for delay or the appellants did not believe in the merits thereof. Counsel for appellants filed a comprehensive brief and earnestly argued the case, setting forth their theory on which it is claimed the judgment should be reversed. Counsel were wrong in their contentions, but that fact alone certainly would not entitle plaintiff to damages for frivolous appeal. See Tomasella v. Spano, 201 La. 72, 9 So.2d 465; Stevenson v. Unity Industrial Life Ins. Co., La. App., 155 So. 271.
For the reasons assigned, that portion of the judgment running in favor of John Farmer and Don Billings and against third-party plaintiffs and defendants in reconvention, Abraham and Aetna Casualty and Surety Company, be reversed and the demand of Jack Farmer be dismissed, and, as thus amended and in all other respects, the judgment appealed from is affirmed. Costs of this appeal are to be borne by Jack Farmer and Don Billings.
Reversed in part, amended and affirmed.