282 So.2d 543 (1973)
HARRIS PAINT COMPANY
v.
QUINN CONSTRUCTION COMPANY, INC., et al.
No. 5262.
Court of Appeal of Louisiana, Fourth Circuit.
June 19, 1973.
*544 Trombatore & Vondenstein, H. A. Vondenstein, Renner, for plaintiff-appellee.
Seelig & Cosse, David H. Seelig, New Orleans, for defendants-appellants.
Before SAMUEL, GULOTTA and SCHOTT, JJ.
SAMUEL, Judge.
Quinn Construction Company, Inc. was general contractor for the construction of a motel in the City of New Orleans. National Surety Corporation furnished the contractor's bond. Ben Bourgeois, Quinn Construction's painting subcontractor, purchased from Harris Paint Company paint and supplies which were delivered by Harris to the job site. Bourgeois worked on the job for only about three months. Then, because he failed to carry out the terms and conditions of his subcontract, Quinn Construction completed the work thereunder at its own expense. Quinn also purchased paint and supplies from Harris which it used in the motel construction and for which it paid Harris in full. The amounts due Harris for purchases made by and billed to Bourgeois were not paid. Harris timely filed a lien under LSA-R.S. 9:4802 and made unsuccessful demands for those amounts.
Harris then filed this suit for $2,538.57, the total amount due on the Bourgeois purchases, plus 10% attorney's fees as provided by LSA-R.S. 9:3902. The defendants are Bourgeois, Quinn Construction, National Surety, and American Employers' Insurance Company, the last named being the surety on a lien bond. Prior to trial, on joint motion of all other parties the matter was dismissed as to American Employers'.
Following trial on the merits there was judgment in favor of plaintiff and against the three remaining defendants, Bourgeois, Quinn Construction and National Surety, in the full amount prayed. Quinn Construction and National Surety have prosecuted this appeal therefrom. Bourgeois has not appealed.
In this court appellants make only two contentions: (1) laches bars a plaintiff recovery; and (2) plaintiff's lien should be cancelled because of its failure to follow the requirements of LSA-R.S. 9:4802.
Regarding the first contention, the record reveals that Harris billed Bourgeois on a "job basis", i. e., in contemplation of payment upon completion of the work, while Quinn paid for its purchases from Harris on a monthly basis; and Harris did not notify Quinn of the Bourgeois indebtedness until the work had been accepted by the owner and the lien had been filed, approximately five months after Harris found out Bourgeois was no longer working on the job. It is this delay, which they refer to as laches, upon which appellants rely for the purpose of avoiding liability.
In pertinent part, Article 1005 of the Code of Civil Procedure reads:
"The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, extinguishment *545 of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, and any other matter constituting an affirmative defense." LCA-C.C.P. Art. 1005. (Emphasis ours).
Also in pertinent part, paragraph (e), which appears in the comments under Article 1005, provides:
"Certain common law concepts enumerated as affirmative defenses in Fed. Rule 8(c), such as accord and satisfaction, laches, license, and waiver, have been recognized and adopted in varying degrees by the jurisprudence of Louisiana. They have not been expressly included in the enumeration although to the extent that these concepts are recognized in our jurisprudence they are included within the omnibus phrase `any other matter constituting an affirmative defense'." LSA-C.C.P. Art. 1005(e).
Our jurisprudence requires that laches be specially pleaded; and if not so pleaded in the trial court that issue cannot be considered on the appellate level.[1] In the instant case we conclude laches, especially as the delay complained of herein may be considered as estoppel by reason of laches or as an extinguishment of an obligation, is an affirmative defense within the purview of Article 1005 either under "estoppel," "extinguishment of the obligation in any manner," or the omnibus phrase "any other matter constituting an affirmative defense" as stated in the article or under the explanation contained in the quoted comment under the article.
The appellants failed to set forth affirmatively the issue of laches in their answer or to plead the same in any other manner in the trial court; they mention laches in argument and brief in this court for the first time. Accordingly, under the cited article, comment and jurisprudence, we cannot consider that issue.
Appellants' second contention is based on the argument that the lien should be cancelled because Harris failed to record a notice of filing of suit as required by LSA-R.S. 9:4802.[2] We do not know whether or not such a notice was recorded. For again we find no indication in the record that the issue was raised in the trial court. No mention is made of this relief or issue in the prayer contained in appellants' answer, in any other pleading, in the somewhat lengthy stipulation entered into by the parties, or in the testimony. Thus the issue must come as a surprise to the appellee for the first time on appeal, depriving him of an opportunity to offer evidence contradicting the factual contention of no notice of suit being recorded. These circumstances probably would be sufficient for us to warrant a finding of no merit in the contention.
However, we prefer to place our rejection of the second contention on another ground, which is that insofar as this suit is concerned, it is immaterial whether or not notice of filing of suit was recorded. In this connection LSA-R.S. 9:4802 is inapplicable. Under our statutory law and jurisprudence there is no necessity for a furnisher of materials to a subcontractor to file a lien as a prerequisite to recovery of a personal judgment against the general contractor and his surety where the contract has been recorded and the bond furnished *546 as required by the statutes.[3] Specifically, under LSA-R.S. 9:4814(C), a person having a direct contractual relationship with a subcontractor but no contractual relationship with the general contractor has a right of action against the general contractor and his surety if he records his claim as provided in LSA-R.S. 9:4802 or gives written notice of the claim to the general contractor within thirty days from the recordation of the notice of acceptance by the owner. In the instant case such notice was given within the required time.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] British American Oil Producing Company v. Grizzaffi, La.App., 135 So.2d 559, and cases cited therein; State v. Board of Trustees, Teachers' Retirement, etc., La.App., 29 So.2d 489.
[2] In pertinent part the statute reads: "The effect of the recordation of the claim shall cease and the privilege preserved by this recordation shall perempt unless a notice of filing of suit (giving the name of the court, the title and number of the proceedings and date of filing, a description of the property and a reference to the recorded contract), on said claim is recorded within one year from the date of the recordation of the inscription of the said claim." LSA-R.S. 9:4802.
[3] LSA-R.S. 9:4803(C); Apex Sales Company v. Abraham, La.App., 201 So.2d 184.