PONDER, Judge,
dissenting in part and concurring in part.
I concur in part and dissent in part. The judgment granted the amount of the claim, the costs of filing the lien and interest and costs. It also enforced the lien and made it executory.
I find no difficulty with the refusal of the motion to dismiss and the finding that the materials had been delivered.
By exceptions of no right of action and no cause of action, Dicon and Travelers contend that plaintiff’s failure to serve a detailed statement of the claim on all the owners violates LSA-R.S. 9:4802[1] which precludes plaintiff’s maintaining this suit against the surety and contractor.
Service on one of the co-owners was disputed. Admittedly, service on the other co-owners was never made.
LSA-R.S. 9:4814 A. and B. states:
“A. Except as provided in Subsection C of this Section nothing in this Subpart shall be so construed as to deprive any claimant of his right of action against the surety signing and bond furnished in connection with any building contract or subcontract, or against the principal obligor thereunder, which right of action against such obligor and the said surety shall accrue at any time after maturity of the claim of the said claimant.
“B. Before any suit is instituted against the surety prior to the registry by the owner of his acceptance of the work, or of the notice of default, such claimant shall record his claim as provided in R.S. 9:4802, and shall serve a copy of the said claim, in the form and in the manner prescribed in R.S. 9:4802, on both the owner and the surety and provided that no suit shall be filed against the surety until thirty days after such service. Any action against the surety must be brought within one year from the registry of acceptance of the work or of notice of default of the contractor. When claimants shall not have preserved their privileges and shall afterwards bring a direct action against the surety, they shall have priority as between themselves after payment of all recorded claims against the balance for which the surety is liable in the order of the filing of their respective suits.
* * ‡ H
This article obviates any necessity of filing a lien against the property “. . .as a prerequisite to the recovery of a personal judgment against the contractor and his surety.”[2] The only limitation is the requirement that the claim be a “lienable” one.[3]
The requirement of Paragraph B, service of the claim on the owner and surety, is applicable only when suit is instituted prior to acceptance or notice of default. The present suit was instituted long after acceptance by the owner. Therefore, I see no merit to the exceptions.
However, since service was not made on at least one-half of the ownership interest in the property, and since the co-owners were not even made parties to this lawsuit, I do not believe the lien should be recognized and made executory. Furthermore, defendants filed a lien release bond which had the effect of releasing the lien.[4]
*655 I therefore concur in the result affirming the Trial Court’s overruling the exceptions and dissent to the affirmance of enforcing the lien and making it executory.

. LSA-R.S. 9:4802
“ * * * Every person having a claim against the undertaker, general contractor, . shall serve upon the owner a sworn detailed statement of his claim .

. Apex Sales Co. v. Abraham, 201 So.2d 184 (La. App. 4th Cir., 1967).

. Arrow Construction Co., Inc. v. Am. Employees Ins. Co., 273 So.2d 582 (La. App. 1st Cir., 1973).

. LSA-R.S. 9:4841
“When any contractor shall have entered into a contract to perform private works under the laws of this state governing the letting and awarding of such contracts and in conformity with the requirements thereof, the contractor *655 shall have the right to bond any claim or claims which may be filed or recorded against the said work by depositing with the clerk of court of the parish in which such claims are filed or recorded a bond with surety signed by any surety company authorized to do business in the state for an amount equal to the claim plus one-fourth. The bond shall be approved by the clerk of court conditioned that in the event the legality of such claim or claims is established by suit or otherwise, the bond shall remain in full force and effect to protect the interest of the claimant in the premises.”