WARD, Judge.
Plaintiff Julius White filed this suit claiming damages arising from a breach of contract between White Brothers Roofing Company, a partnership, and the Orleans Parish School Board. Plaintiff has also sued Cappel, Tousley and Montgomery, the consulting engineers who provided specifications for the contract, and American Fidelity, the surety for performance of the contract by White Brothers. The contract was for construction of a roof by White Brothers for the Crocker School, owned by the School Board. White Brothers was a partnership, now dissolved, originally consisting of Julius, Abel and Isiah White.
The School Board and American Fidelity filed exceptions of no right of action, which were maintained by the trial court, and the plaintiff’s petition was dismissed. Plaintiff appeals that ruling. The issue that must be decided is whether plaintiff has an interest in the contract, and therefore a right of action to sue for damages for breach of it.
He contends that as a former partner he has a right to claim damages for breach of *155 the contract between White Brothers and the School Board. He also argues that he may assert claims on behalf of the partnership, even though it is now dissolved; that he has an interest in recovering partnership assets, since he may be liable for partnership debts.
He further contends the dissolved partnership has a fictional existence with respect to past transactions and existing assets, and that he has a right to assert the unliquidated claims of the partnership by bringing suit in the partnership name. He relies on EDCO Properties v. Landry, 371 So.2d 1367 (La.App. 3rd Cir. 1979), writ den. 375 So.2d 945 (La.1979), and Cambre v. St. Paul Fire & Marine Insurance Co., 331 So.2d 585 (La.App. 1st Cir. 1976), writs den. 334 So.2d 434, 334 So.2d 435 (La.1976). He does not contend that he has written permission of White Brothers Roofing Company or of his brothers, Abel and Isiah, to bring suit for the partnership.
The School Board and American Fidelity contend that prior to the filing of this petition plaintiff had withdrawn from the White Brothers partnership, and that he has no right to claim damages for breach of the contract, and that he is not authorized to file suit for the partnership.
The contract between White Brothers and the School Board was signed November 2, 1977, and construction commenced. White Brothers experienced problems in construction, delays ensued, and financial difficulties developed. Julius White withdrew from the partnership June 16, 1978. Construction stopped, the partnership was placed in default by the School Board, and American Fidelity was required to complete the contract. The remaining partners, Abel and Isiah White, dissolved the partnership July 1, 1979, prior to the filing of this petition.
We believe the trial court’s ruling is correct. Plaintiff does not have a right of action; he does not have an interest in the partnership, or in the fictional entity of a dissolved partnership, or in the contract. When Julius White withdrew from the partnership, he exchanged his partnership interest for back pay and payment of partnership debts to him. Therefore, he gave up any interest he might have in partnership assets, and one of those assets was the contract between White Brothers and the School Board. We agree with American Fidelity:
Since Julius White was not a partner at the time of partnership dissolution, he has no rights to any liquidated assets. He has no rights which partners would have. ‘Partners’ are those who hold that position at the time of dissolution. Hence, EDCO Properties v. Landry ... and Cambre v. St. Paul Fire & Marine Ins. Co. ... are totally inapplicable.
All actions by a partnership must be brought by the partnership. Apex Sales Company v. Abraham, 201 So.2d 184 (La.App. 4th Cir. 1967). There is no reason to distinguish between a partnership and a dissolved partnership existing as a fictional entity for the purpose of deciding who is authorized to bring suit; suit must be brought in the name of the partnership by a partner or one who was a partner at the time of dissolution. The dissolved partnership may have maintained a fictional existence, but Julius White was not part of it. He was not authorized to bring suit in its name. He cannot proceed in its name. He has no right of action.
We affirm.