398 So.2d 1026 (1981)
Louis MEYERS
v.
Norman BASSO.
No. 80-C-1514.
Supreme Court of Louisiana.
May 18, 1981.
Dissenting Opinion July 21, 1981.
*1027 Joseph F. Keogh & Stephen R. Wilson, of Keogh & Keogh, Ltd., Baton Rouge, for defendant-applicant.
Rodney C. Cashe, Hammond, for plaintiff-respondent.
LEMMON, Justice.
In this dispute between the clerk of the district court and the defendant in a tort action who had been cast in a trial court judgment for damages and costs of court in the district court, the following issues are presented: (1) whether the clerk of the district court can require the payment of accrued and unpaid costs by a defendant, after a final judgment of the district court has cast the defendant for court costs, but before the judgment has become definitive, and (2) whether the clerk can collect attorney's fees incurred in a rule to determine defendant's responsibility for the costs, when the defendant paid the court costs under protest and then filed the rule seeking reimbursement of the costs paid under protest.

I.
In the original tort action defendant Basso was sued for property damage caused by a boat operated by his son. Basso filed a request for trial by jury, which was granted. Following the jury verdict the trial court rendered judgment against Basso, and he appealed suspensively.[1]
While the suspensive appeal was pending, the clerk of the district court demanded from Basso the sum of $804.85 in court costs in the trial court, threatening to institute proceedings under R.S. 13:843 if the costs were not paid. Basso paid the costs under protest and filed a "Motion for Reimbursement of Court Costs Paid Under Protest".[2] After a hearing the trial court *1028 denied the motion and awarded the clerk $500 for attorney's fees in connection with the motion. The court of appeal affirmed, 388 So.2d 78, and we granted Basso's application for certiorari. 390 So.2d 1344.

II.
The procedural scheme relative to the time of and the responsibility for payment of the costs of the trial court is not clearly defined.[3] Generally, the clerk of the trial court may demand from the plaintiff a certain amount for advanced costs, which the clerk may distribute as expenses or fees become due. When the advanced costs are exhausted, the clerk may demand additional costs as necessary and may refuse to perform further functions in the proceeding until the costs for the function have been paid. R.S. 13:842. If accrued costs remain unpaid at the time the original cost advance has been exhausted, these accrued costs shall be paid by "the party primarily responsible therefor". R.S. 13:843. Within 120 days after the final termination of the suit, the clerk shall either issue a refund to the plaintiff of any unused amount remaining in the cost advance or issue a demand for payment to the "party primarily liable" for any amount in excess of the cost advance.
Thus, the procedural scheme basically provides for the usual costs of the trial court to be paid in advance or as they accrue. The clerk may collect these usual costs either by demand (upon the plaintiff) for an advance deposit or by demand (upon the party primarily responsible) for accrued amounts in excess of the amount of the advance or advances.[4]
This court has interpreted the term "party primarily responsible therefor" as meaning the plaintiff. In Crespo v. Viola, 152 La. 1088, 95 So. 256 (1922) the court held that the defendant owes no costs until he is cast, reasoning that the plaintiff brought the defendant into court involuntarily by provoking the litigation and that plaintiff should furnish the costs until it is otherwise decreed.
The plaintiff, therefore, is the party primarily responsible for paying the costs of the trial court, in advance or as the costs accrue, until a final judgment is rendered. However, if a suspensive appeal is taken from the final judgment, the plaintiff remains responsible for the accrued costs, at least as between the parties. Houssiere-Latreille Oil Co. v. Jennings-Heywood Oil Syndicate, 116 La. 347, 40 So. 727 (1906). Therefore, if the defendant has suspensively appealed from a final judgment, the clerk may require the plaintiff to pay accrued costs in excess of the amount deposited, even though the judgment has cast defendant for costs.
This case presents the issue of whether the clerk, after the defendant has been cast for court costs by a final judgment which has been suspensively appealed, may require the defendant (rather than the plaintiff) to pay the accrued costs of the trial court in excess of the amount deposited by the plaintiff.[5] The court of appeal held that the question was moot, because the *1029 judgment in the original tort suit had become definitive while the appeal in this matter was pending. We disagree that the question is moot, because the award of attorney's fees was based upon the trial court's determination that the clerk had the right to demand these costs from the defendant.
We hold that the plaintiff is solely responsible for the usual costs of the trial court until the judgment casting the defendant for the costs becomes definitive. If the clerk fails to demand from the plaintiff payment of the usual court costs in advance or as they accrue and is allowed to collect these costs from the defendant after a final but not yet definitive judgment, then the defendant would be relegated to recover that payment from a perhaps insolvent plaintiff, if the defendant is successful on appeal. The clerk is adequately protected by the authority to demand from the plaintiff payment of the usual court costs in advance or as they accrue.

III.
If the costs in the present case demanded by the clerk from the defendant were the usual court costs, then the trial court erred in awarding attorney's fees to the clerk in connection with the rule relative to collection of the costs. However, the trial court's reasons for judgment indicate his impression that most of the costs demanded by the clerk were the costs of the jury requested by the defendant, but there are no documents or other evidence in the record to show what costs are the subject of the clerk's demand.[6] We could remand for a clarification of this point (assuming that a clerk can make a demand for jury costs under R.S. 13:843 and be entitled to collect attorney's fees from the party who requested the jury trial), but we prefer to dispose of the attorney's fees issue on the basis of burden of proof. Since the clerk demanded attorney's fees under R.S. 13:843, it was his burden to support his demand by proving that he had furnished the party with an itemized account of the accrued costs, approved by the judge, as required by the statute. It was error to grant attorney's fees in the absence of this proof.
Accordingly, we affirm that portion of the judgment of the court of appeal which declared moot the trial court's dismissal of Basso's motion for reimbursement of court costs paid under protest. We reverse that portion of the judgment of both lower courts which awarded attorney's fees to the clerk of court. The costs in all courts attributable to Basso's motion are to be equally divided.
DIXON, C.J., and DENNIS, J., dissent with reasons.
DIXON, Chief Justice (dissenting).
I respectfully dissent, believing that the jurisprudence interpreting "the party primarily liable" (R.S. 13:843) should be reexamined, and that the clerk should be able to recover attorney's fees when he is sued for a return of costs paid, and that R.S. 42:261 E is probably unconstitutional.
DENNIS, Justice, dissenting.
I respectfully dissent for the reasons assigned by Dixon, C.J.
NOTES
[1] The judgment was ultimately affirmed on appeal, except that the amount of the award was reduced. The court of appeal expressly affirmed that part of the judgment which cast Basso for all court costs in the trial court, but ordered that the costs of the appeal be evenly divided.
[2] Basso also paid $625 as costs of the appeal, for which he was clearly responsible as appellant. See C.C.P. art. 2126. After the court of appeal modified the judgment and ordered that the costs of appeal be evenly divided, Basso was entitled to demand half of the costs of appeal from plaintiff or to receive credit in that amount when he satisfied the judgment in favor of plaintiff.
[3] The procedure for the payment of the costs of an appeal has been simplified and clarified by 1977 amendments to C.C.P. art. 2126 and related articles. Under the present procedure the clerk of the district court estimates the costs of the appeal and notifies the appellant by registered mail, whereupon the appellant has a specified period of time to pay the estimated cost or to contest the amount of the estimate. See H. Lemmon and F. Maraist, Simplifying Appellate Procedure, 25 La.B.Jour. 193 (Dec. 1977). The sanctions provided when the appellant fails to pay the costs may be invoked by either the clerk or the appellee, and the clerk is thereby insured that costs can be collected by simple proceedings.
[4] Of course, responsibility for and collection of special costs, such as jury costs, is the subject of special statutes, such as R.S. 13:3050 and 3105.
[5] Of course, at this point (after a final judgment which has been suspensively appealed) the plaintiff may not recover from the defendant the costs advanced, since the final judgment awarding costs of the trial court to plaintiff has not become definitive.
[6] R.S. 13:3050 requires the party requesting a jury trial to furnish a bond to cover the cost of the jury. If the jury cost was not paid, then the clerk could have proceeded on the bond.