WATKINS, Judge.
This is an action for damages connected with the alleged death of swine who al *481 legedly consumed corn purchased from defendants. Defendants obtained an order for trial by jury, and posted a jury bond in the sum of $3,000.00. The bond through obvious error cited LSA-R.S. 13:4522, rather than LSA-R.S. 13:3050 as being the statute governing the furnishing of the bond. We assume that the bond will be corrected to cite the proper statute, as it must be if this judgment is to be effective. Jury trial was set for December 16, 17, and 18, 1981. The clerk of court sought to require defendants to furnish the sum of $980.00 to cover the expenses attendant upon selecting and summoning the jury venire. Defendants sought a writ of mandamus in the trial court to order the clerk of court to proceed with the summoning of the jury without furnishing of the sum of $980.00 as sought by the clerk of court. The mandamus was denied, and defendants applied to this court for supervisory relief. We granted alternative writs, which we now make peremptory.
The trial court in denying the writ of mandamus stated in written reasons that a jury bond covers only the costs of transportation and per diem of jurors in civil cases, and does not provide expenses of selecting and summoning a civil jury venire. The costs of selecting and summoning the jury venire, the trial court has indicated, is a general cost of court, for which the clerk of court may demand advance cash payment under LSA-R.S. 13:843. In other words, under the analysis adopted by the trial court a civil jury bond furnished under LSA-R.S. 13:3050, which regulates jury bonds in civil eases, covers only transportation and per diem, and does not cover costs of selecting and summoning civil jurors, those costs being covered by LSA-R.S. 13:843.
The position adopted by the trial court overlooks the clear wording of LSA-R.S. 13:3050, as amended by Louisiana Act. No. 805 of 1981. That statute amends R.S. 13:3050 to read as follows:
“In all civil cases in which a jury is prayed for and allowed, the party praying for the jury shall give bond in favor of the parish for such amount as may be determined by the judge to cover the cost of the jury, which cost shall be taxed as provided for in Louisiana Code of Civil Procedure Articles 1920 and 2164. No jury shall be ordered in any civil case unless the bond is given. The clerk of court shall give immediate notice by certified mail to all parties of the signing of the order allowing the trial by jury. The party who prayed for the trial by jury shall give the required bond within sixty days of the mailing of the notice by the clerk of court. The party requesting trial by jury may not be compelled to post a cash bond prior to trial. If the bond is not given within such time, any party may move, for an order vacating the original order. Upon issuance of an order vacating the order for trial by jury, the trial shall proceed without a jury. When a trial by jury in a civil case is prayed for and allowed or one is ordered by the judge, the judge shall, on application of either party to the cause, in case there be no venire of jurors from which to select a jury, order the commission to draw such number of jurors as he may deem necessary to try and determine the cause, drawing to be made in accordance with the forms prescribed by R.S. 13:3044.”
The bond covers “the cost of the jury”. No distinction is made between costs of selection and summoning the jury and expenses of transportation and per diem for the jury. To read such a distinction into the statute, which is clear and succinct, would be to supplant our judgment and will for that of the legislature, or to find an ambiguity to exist in a statute which is unambiguous. Even if it were possible to adopt the analysis that some costs of a civil jury, of an unspecified nature, formerly fell under R.S. 13:843, and other jury costs of an equally unspecified nature fell under R.S. 13:3050, such an analysis is finally precluded by the enactment of the amendment to R.S. 13:3050 by Act No. 805 of 1981, as Act No. 805 repeals “[a]ll laws or parts of laws in conflict herewith. ... ” Thus R.S. 13:3050 now furnishes the sole binding enactment of the legislature with respect to *482 costs of a civil jury, and that statute indicates that the bond covers all costs. Furthermore, that statute provides a party seeking a trial by jury cannot be compelled to furnish a cash bond.
The result we reach herein is mandated not only by statute, but by the chain of logic that must flow from the holding of the Louisiana Supreme Court in Meyers v. Basso, 398 So.2d 1026 (La.1981). The Court there held that under LSA-R.S. 13:843, only the plaintiff could be required to furnish advance court costs, and that the defendant would be free from furnishing advance costs of court. If we were to adopt the analysis that R.S. 13:843 applied to costs of selecting and summoning a jury panel in civil cases, then in the present case plaintiff would be required to furnish these costs, although defendant in the present case is responsible for the jury’s being summoned. Such a result is both anomalous and unjust.
In the present case it is possible that the jury bond in the sum of $3,000.00 is not adequate to cover all jury costs. If that is the case, the trial court may in its discretion increase the amount of the bond.
Accordingly, the writs of prohibition and mandamus issued herein are made peremptory, all costs of the writ application to await final disposition of the matter.
WRITS MADE PEREMPTORY.