STOKER, Judge.
This is a dispute between a defendant in the original suit, Insured Lloyds, and the Clerk of Court for Allen Parish, Robert L. Thomas.
In the original tort action McLeod Brothers Contractors, Inc., and its insurer, Insured Lloyds, were cast in judgment for damages and court costs. The judgment of the trial court was reversed following a suspensive appeal, and all costs at trial and on appeal were assessed to the original plaintiff, James Keith Eaves. Eaves v. McLeod Brothers Contractors, Inc., 395 So.2d 437, (La.App. 3rd Cir.1981), writ denied, 400 So.2d 903 (La.1981).
Insured Lloyds then brought this action for reimbursement against the Clerk of Court for costs paid by it prior to the decision on the appeal. In its brief on appeal, Insured Lloyds claims the Clerk of Court required that it pay $1,920.92 in accrued court costs before the transcribed record would be filed in this court. There is no evidence in the record which shows the actual payment, the amount, or the specific costs which it covered. The trial court’s reasons for judgment indicate that the payment was for the costs of the jury trial requested by defendants in the original action.
For policy reasons primarily, the trial judge refused to order reimbursement from the Clerk of Court and dismissed the rule to show cause brought by Insured Lloyds. We affirm.
Insured Lloyds relies principally on the case of Meyers v. Basso, 398 So.2d 1026 (La.1981). However, Meyers provides no support to plaintiff-in-rule and offers little guidance to us. In Meyers the defendant was the ultimate loser in the litigation and became responsible for the costs of court in the end. We have the converse of that litigation because plaintiff-in-rule, Insured Lloyds, was the ultimate winner and all costs were assessed to the original plaintiff, James Keith Eaves. In Meyers, the Clerk of Court threatened to bring an action under LSA-R.S. 13:843 against the original defendant in a tort suit following rendition of a trial court judgment against him. The judgment had not become definitive as it was on appeal. The defendant paid the costs under protest and brought an action for reimbursement against the Clerk of Court. The trial court denied the claim for reimbursement and awarded attorney’s fees against the defendant. On appeal the judgment in the original action was affirmed (388 So.2d 78) so the issue of reimbursement became moot.
The Supreme Court granted a writ and reversed that portion of the judgment awarding attorney’s fees to the Clerk of Court on the grounds that the Clerk had not carried his burden of proof of showing he had complied with LSA-R.S. 13:843 in making his demand for costs from the defendant.
In Meyers the Supreme Court held that the plaintiff is the party primarily responsible for the “usual” court costs and remains primarily responsible until the judgment casting the defendant for costs becomes definitive. However, the Supreme Court made a distinction between the “usual” costs of court and the costs of a jury trial. It is clear from the holding in Meyers that the Clerk of Court had no right to demand the “usual” costs of court from the defendant prior to a definitive judgment. The *339 Supreme Court pointed out that the Clerk is protected by the authority to demand payment of costs from plaintiff in advance or as they accrue. On the other hand, this protection does not extend to the cost of jury trials. Jury costs are covered by LSA-R.S. 13:3050 which requires the party requesting the jury to post a bond to cover the cost of the jury.
Meyers does not directly address the issue of whether a party in a situation such as is before us can demand reimbursement from the Clerk of Court. In Meyers the matter became moot as the defendant lost on appeal and was responsible for the costs. Here, conversely, defendant-appellant prevailed in the Court of Appeal and plaintiff was responsible for the costs. Although the Clerk of Court in this case may not have had authority to demand payment of accrued costs from defendant-appellant, the latter cannot get them back from the Clerk of Court. We subscribe to the opinion of our brethren in the First Circuit expressed in Board of Trustees of the East Baton Rouge Mortgage Finance Authority v. All Taxpayers, 361 So.2d 292 (La.App. 1st Cir. 1978), in which the court said:
“We know of no rule, nor do we deem to establish one herein, that a judgment casting one party for costs operates as a mandate to the clerk of court to refund to the party not assessed costs, the costs advanced.
“Clerks’ offices operate on self generated funds collected in the form of fees. These funds are used to pay salaries as well as normal operating expenses. Included in the fees collected are those fees due the sheriffs’ offices and court reporters. The clerks’ offices necessarily then do not retain these fees collected, but merely pass them on. If the clerk would be required to refund costs paid to the party not assessed without receiving from the party assessed these same costs, it is more probable than not that the clerk’s office would operate at a deficit.”
If Insured Lloyds felt that the demand for costs from the Clerk was improper, the better course may have been to seek supervisory writs at that point rather than to later seek reimbursement of disbursed funds.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellant — plaintiff-in-rule.
AFFIRMED.