LOTTINGER, Judge.
On March 29,1983, this court issued alternative writs of mandamus and certiorari to the trial judge directing him to accept a surety bond for costs of the jury in lieu of an advance cash payment for costs as requested by the Clerk of Court in and for Ascension Parish. The trial judge has taken the alternative by filing a brief in opposition to the application for writs, and has been joined in the filing of the brief by the Honorables Kermit “Hart” Bourque, Clerk of Court for Ascension Parish, Edmond E. Kinler, Jr., Clerk of Court for St. James Parish and Roland Marquette, Clerk of Court for Assumption Parish, as amici curiae.
From the record we glean the following facts: June Nell Courtney Babin and Opal Henry Courtney filed suit against James Thomas Ivy and Allstate Insurance Company. Allstate Insurance Company timely prayed for a jury trial, posted the bond for jury costs, and filed a motion for a venire facias. The trial was scheduled for March 30,1983 and on March 17 the Clerk of Court for Ascension Parish forwarded to counsel for Allstate Insurance Company two bills totaling $1,940.00 for advanced costs as follows: estimated cost for juror fees— $800.00, clerk’s cost for issuing jury notice —$640.00, and sheriff’s cost for service of jury notices — $500.00. The following notation accompanied the bills: “For Jury Trial set for March 30 and 31,1983. Your check for the above must be received in this office by March 24, 1983, so that there will be sufficient time for processing Jury Notices. The Jury will not be summoned until your check is received.”
The defendant sought relief in the trial court by requesting that a writ of mandamus issue against the clerk of court directing that the clerk of court fulfill his duties by issuing the jury notices and having the sheriff serve the same without the necessity of paying the requested costs in advance. The trial judge denied the request.
I
La.R.S. 13:3049B[1] provides that: “Jurors who attend [the trial] may demand and receive from the parish treasury twelve dollars for each day of attendance in court, and sixteen cents for each mile necessarily traveled in going to and returning from the courthouse.” It is thus clear that a juror receives $12.00 a day and $.16 a mile, and that the juror receives this from the parish treasury. The very next section, 3050, provides that “the party praying for the jury shall give bond in favor of the parish for *283 such amount as may be determined by the judge to cover the cost of the jury, which cost shall be taxed as provided in Louisiana Code of Civil Procedure Articles 1920 and 2164.” Thus we are of the opinion that when section 3049 refers to per diem and mileage payable from the parish treasury and the very next section, 3050,[2] speaks of jury costs and a bond in favor of the parish, the legislature only intended the bond to cover the 'cost of per diem and mileage.
Therefore, the bill from the clerk of court for “estimated cost for juror fees — $800.00” if same was intended to cover per diem and mileage must be disallowed. These costs are payable from the parish treasury and are secured by a bond.
II
Inasmuch as we have concluded that the bond for cost of the jury covers only juror per diem and mileage, then any and all other costs related to a jury such as payment of jury commissioners, payment for advertisement of the list of veniremen, and preparation of and service of notices must be included within La.R.S. 13:841, the enumeration of fees chargeable by clerk of courts in civil matters.
III
La.R.S. 13:842 and 843[3] basically provide that the clerks of the district courts shall receive from the plaintiff advanced costs *284 when a suit is filed, that when the advancement has been exhausted the clerk may refuse to perform any further function until additional costs have been paid, and that all accrued costs will be paid by the party primarily responsible. In enacting such legislation, the legislature realized that the office of clerk of court operates on self-generated funds, and to force a clerk of court to operate his office without receiving costs in advance would require the clerk’s office to operate at a deficit.
The question thus remains: Which of the party litigants is primarily responsible for the cost, and in particular, the cost for a jury other than per diem and mileage?
La.R.S. 13:842 requires that the “plaintiff or plaintiffs in each ordinary suit” deposit with the clerk of court an advanced costs deposit. Whereas, La.R.S. 13:843 provides that once the advanced costs has been exhausted, “all accrued costs shall be paid by the party primarily responsible therefor.... ” Thus, it would seem that the legislative scheme is that since the plaintiff initiates the suit, the plaintiff deposits advanced costs for the filing and services in the suit, and that the advanced costs will be used to reimburse the clerk of court until the advanced costs have been depleted. Thereafter, the party primarily responsible for the services incurred will pay the costs.
It would therefore seem that since the defendant has requested a jury trial the defendant is primarily responsible for payment for cost of the jury other than per diem and mileage. However, the Supreme Court in Crespo v. Viola, 152 La. 1088, 95 So. 256 (1922) and reaffirmed in Meyers v. Basso, 398 So.2d 1026 (La.1981) held that “the plaintiff, therefore, is the party primarily responsible for paying the costs of the trial court, in advance or as the costs accrue, until a final judgment is rendered.” 398 So.2d 1028.
We disagree with this line of jurisprudence. The better resolution of the problem is to hold that the costs for services rendered by the clerk of court shall first come from plaintiff’s advanced deposit. Once this deposit has been exhausted, then the party incurring or necessitating additional costs should be primarily responsible for payment until final judgment. This would seem to be more in line with the legislature’s intent since La.R.S. 13:842 uses the term “plaintiff” and La.R.S. 13:843 uses the term “party primarily responsible.” If the legislature had intended the plaintiff to be responsible for costs as they accrue, then why did not it simply say so?
However, we are bound by the Supreme Court’s interpretation of the law, even though we are of the opinion that it is erroneous, and must hold that the clerk of court must look to the plaintiff for costs as they accrue.
DECREE
Therefore, for the above and foregoing reasons, the alternative writ issued by this court on March 29,1983 is amended so as to direct the trial judge to issue writs of prohibition and mandamus to the clerk of court prohibiting the clerk of court from attempting to collect any costs relating to the jury that are covered by the bond for jury costs and to direct the clerk of court to collect all other costs relating to the jury from the plaintiffs, all in accordance with the views hereinabove expressed.
ALTERNATIVE WRIT AMENDED AND MADE PEREMPTORY.

. La.R.S. 13:3049 B provides:
“B. The jurors who attend may demand and receive from the parish treasury twelve dollars for each day of attendance in court, and sixteen cents for each mile necessarily traveled in going to and returning from the courthouse. Only one charge shall be made for mileage each way.”

. La.R.S. 13:3050 provides:
§ 3050. Juries in civil cases
“In all civil cases in which a jury is prayed for and allowed, the party praying for the jury shall give bond in favor of the parish for such amount as may be determined by the judge to cover the cost of the jury, which cost shall be taxed as provided for in Louisiana Code of Civil Procedure Articles 1920 and 2164. No jury shall be ordered in any civil case unless the bond is given. The clerk of court shall give immediate notice by certified mail to all parties of the signing of the order allowing the trial by jury. The party who prayed for the trial by jury shall give the required bond within sixty days of the mailing of the notice by the clerk of court. The party requesting trial by jury may not be compelled to post a cash bond prior to trial. If the bond is not given within such time, any party may move for an order vacating the original order. Upon issuance of an order vacating the order for trial by jury, the trial shall proceed without a jury. When a trial by jury in a civil case is prayed for and allowed or one is ordered by the judge, the judge shall, on application of either party to the cause, in case there be no venire of jurors from which to select a jury, order the commission to draw such number of jurors as he may deem necessary to try and determine the cause, drawing to be made in accordance with the forms prescribed by R.S. 13:3044.”

. La.R.S. 13:842 and 843 provides:
§ 843. Security for cost; collection of accrued costs; employment of counsel
“The clerk of court may demand security for costs at the time the suit is filed.
“After any cost advance furnished under R.S. 13:842 has been exhausted, all accrued costs shall be paid by the party primarily responsible therefor, or by the surety on any bond for costs furnished by him, upon receipt of the clerk’s demand for payment thereof supported by an itemized account of these accrued costs approved by the judge. If these accrued costs are not paid within ten days of the demand for payment, judgment therefor may be rendered against the party, and against the surety on any cost bond furnished by him, by rule returnable not less than two judicial days from the date of service upon the defendants in rule and the clerk may employ an attorney at law to assist him in filing and trying said rule or rules, and the fee of the attorney employed for that purpose shall be fixed by the district judge before whom the rule is tried and shall be taxed as costs along with the cost of hearing the rule.”
§ 842. Advance' costs
“A. The clerks of the district courts shall demand and receive from the plaintiff or plaintiffs in each ordinary suit, whether accompanied by conservatory writs or not, not less than twenty dollars or such other amount as may be fixed by law for advanced costs, to be disbursed to the clerk’s salary fund or to others as their fees accrue. Whenever the costs have exhausted the amount of the original advance deposit, the clerk may refuse to perform any further function in the proceeding until the additional costs for the function have been paid, in accordance with the fees set forth in R.S. 13:841 or, in Orleans Parish, in R.S. 13:1213.
“B. After an ordinary suit has been filed, if a period of five years elapses without any pleadings being filed and the suit has been completely inactive during this five-year period, the clerk shall refund any unused balance remaining in the clerk’s advance deposit fund (to the credit of this particular suit) to the person who made the original deposit, after paying all fees or other charges of record in the suit. Probate matters are specifically ex *284 cepted from the provisions of this Subsection B.”